SUPREME COURT    Onondaga General Term, October, 1853.
*Pratt, Gridley, W. F. Allen* and *Hubbard,* Justices.

THE PEOPLE *vs.* ABIGAIL STOCKHAM, impleaded, &c.

A bill of exceptions lies only to correct an erroneous decision upon some point of law made on the trial, or some erroneous opinion delivered to the jury in the charge of the court, to which an exception was taken at the time.

In a case where the sufficiency of an indictment is not involved in some decision made, or opinion advanced, at the trial, the only mode of reaching a defect 'n the indictment is on a motion in arrest of judgment, or by a writ of erro brought on the record of judgment itself.

If an indictment for a statutory offence alleges all the facts which the statute requires to constitute the offence, this, as a general rule, is sufficient.

Where an indictment charged that the accused administered to one A. D., a pregnant woman, a certain medicine and drug, and used and employed upon her body a certain instrument, with intent to procure the miscarriage of the said A. D., *contra formam statuti, &c.,* *Held* that the facts charged were sufficient to constitute a misdemeanor, under the act of May 13, 1845 to prevent · the procurement of abortion.

The decision in *The People* v. *Lohman,* (2 *Barb. S. C. Rep.* 220,) upon this point approved and adopted.

It is a matter of discretion with the court to allow the district attorney to try prisoners who are jointly indicted, for a mindemeanor jointly or separately, as it seems best to consist with the advancement of justice; and the court has no power to correct any error in the exercise of that discretion upon a bill of exceptions.

That discretion may be exercised by an order made on the motion of the district attorney, as well as on that of the prisoner's counsel.

Motion for a new trial upon a bill of exceptions. An indictment was found at the court of Oyer and Terminer held in and for the county of Onondaga, in June, 1852, against Hiram Adams, Elijah Thomas, Washington Stockham and Abigail Stockham. It alleged that the defendants on the first day of March, 1852, " did administer to one Almira Davenport, a pregnant woman, and did prescribe for the said Almira Davenport, being then and there a pregnant woman, and did advise and procure the said Almira Davenport, a pregnant woman, then and there to take a certain medicine, and drug, and substance, of a name to the jury unknown, and then and there, use and employ upon the body of the said Almira Davenport, a cer-

tain instrument, of a name and description to the jury unknown, with intent thereby, then and there, to procure the miscarriage of the said Almira Davenport, against the form of the statute in such case made and provided, and against the peace," &c. Elijah Thomas, one of the persons thus indicted died, in June, 1852, and before he was arraigned thereon, or had pleaded thereto. Washington Stockham, Abigail Stockham and Hiram Adams, the other defendants appeared and severally put in the plea of not guilty thereto. On the 16th day of June, 1853, in said court of Oyer and Terminer, the district attorney moved on the trial of Washington Stockham and Abigail Stockham his wife, and not of said Hiram Adams, who was present in court. Adams did not require a separate trial. The counsel for Washington Stockham and Abigail Stockham objected to separate trials of the said Washington Stockham and Abigail Stockham, and claimed that the indictment was a joint indict-ment, and for a joint offence, and that the district attorney had no right to try the persons indicted, separately, and that the statute only allowed separate trials in cases of misdemeanor, when a defendant required it, and then only in the discretion of the court; and the counsel for said Washington Stockham and Abigail his wife, to sustain such objection, then read and filed an affidavit alleging that the husband was not guilty of the offence and that Adams was a material witness for himself and his wife.

The court denied the motion, and decided that the trial of said Washington Stockham and Abigail his wife only, might be had, on motion of the district attorney. To which decision the counsel for Stockham and wife excepted. The counsel for the defendants then asked that Adams might be first tried, so that the defendants, Stockham and wife, might, upon their trial, have the benefit of his evidence, to which the district attorney objected, and the court denied the motion, to which the defendant's counsel excepted and the trial proceeded. Almira Davenport was sworn on the part of the people, and gave evidence tending to show, that the said Abigail Stock-ham administered, and advised the administering of powders

and medicines to her, the said Almira Davenport, with intent to produce the miscarriage of a child, of which she the said Almira was pregnant. The said Almira Davenport was the only witness on the part of the people, and after the district attorney had rested, the counsel for defendants called the said Hiram Adams as a witness; the district attorney objected to him, because he was one of the defendants named in said indictment, and the court rejected the witness, to which the counsel for the defendants excepted. No other witness was sworn in the cause. The counsel for defendant moved that the said Washington Stockham be discharged, and he was discharged, by the court, on the ground that there was not sufficient evidence against him, of the commission of a joint offence with Abigail Stockham. There was no evidence to show that the said Abigail Stockham used instruments or other means to produce a miscarriage, except as above stated. The jury found a verdict of guilty against Abigail Stockham.

*B. D. Noxon,* for the prisoner.

*R. H. Gardner,* (Dist Att'y,) for the People.

*By the Court,* GRIDLEY, J. The prisoner was jointly indicted with her husband and two other persons, under the act passed in May, 1845, for a misdemeanor in administering to a pregnant woman a drug or medicine with the intent to procure the miscarriage of the patient. The district attorney was about moving on the trial of Mrs. Stockham and her husband, (Thomas, one of the defendants, having died after the indictment was found,) when the counsel of the prisoner applied to the court to have her tried jointly with the other defendant, Adams. In support of this motion the husband of Mrs. Stockham made an affidavit stating that *he* was not guilty of the offence charged in the indictment, and that Adams was a material witness for himself and his wife. The motion was opposed by the public prosecutor, and was denied by the court. The trial proceeded and the jury convicted the prisoner and acquitted her husband.

The People *v.* Stockham.

A bill of exceptions was taken to the ruling of the court. A new trial is now asked for on two grounds: 1st. Because the indictment is defective, and charges no offence. 2d. Because the court should have compelled the district attorney to try the prisoner jointly with the defendant Adams.

I. Upon the first question presented upon the argument, we are met in the outset with the objection that there is no way of reaching the alleged defect upon the bill of exceptions. There has been no judgment pronounced, and no question was raised on the trial respecting the sufficiency of the indictment. There is no decision of the court on any question arising upon the indictment to which an exception has been taken. The point has been argued as though it arose on a writ of error brought on the record, after judgment. This however is not the fact, and a bill of exceptions only lies to correct an erroneous decision upon some point of law made on the trial, or some erroneous opinion delivered to the jury in the charge of the court, to which an exception was taken at the time. In a case where the sufficiency of the indictment is not involved in some decision made, or opinion advanced at the trial, the only mode of reaching a defect in the indictment is on a motion in arrest of judgment, or by a writ of error brought on the record of judgment itself. Nevertheless as this point was fully argued by the counsel, we have examined it, and have come to the conclusion that the indictment is sufficient. It alleges all the facts which the statute requires, to constitute the offence under the act of 1845. This, as a general rule, is sufficient. (*People* v. *Taylor*, 3 *Denio*, 91). The indictment also alleges, after enumerating all the ingredients of the offence, that it was committed against the form of the statute in that case made and provided. It is expressly decided in the case of *The People* v. *Lohman*, (2 *Barbour*, 220,) that the facts charged in the indictment in this case, are enough to constitute a misdemeanor under the act. The opinion contains a very well reasoned argument on the very point involved in the case under consideration; and we are satisfied with the conclusion to which the court arrived and adopt it in the present case.

II. Upon the second ground on which we are asked to grant a new trial, there is a similar objection to the argument, viz· that the error did not occur in any decision made on the trial. It occurred, if at all, on the decision of a motion made before the jury were empanneled, and before the trial was commenced. It was not strictly the subject of an exception. It was a matter of discretion to grant the motion or not. Our statute reads as follows: " Whenever two or more defendants shall be jointly indicted for a felony, any one defendant desiring it shall be tried separately. In other cases defendants jointly indicted shall be tried separately or jointly in the discretion of the court." If the defendants have not a *right* to be tried jointly, in other words, if it be a matter of discretion with the court to allow the district attorney to try the prisoners jointly or separately as it seems best to consist with the advancement of justice, then it is clear that no bill of exceptions lies to correct any error that we may suppose was committed by the court, in the exercise of that discretion. (See *People* v. *Barker,* 3 *Hill,* 159; *Rapelyea* v. *Prince,* 4 *Hill,* 119.)

In the first volume of *Baldwin's Rep.* page 75, 81, it is said by the court: " It is now settled that separate trials are a matter of *discretion* and not of *right.* If in the opinion of the district attorney public justice requires a joint trial, the court will not direct separate trials, except under very special circumstances. As a general rule, the prosecutor has a right to select his course, and the court will not undertake to control him." We have already shown that our statute expressly reserves the right to the court to decide, as a matter of discretion, whether the trial of an indictment for misdemeanor shall be joint or separate. That discretion may be exercised by an order made on the motion of the district attorney as well as on that of the prisoner's counsel. The district attorney may have been fully prepared to try the prisoner Stockham, while he may have been unable to procure witnesses to try Adams. If compelled to try them all jointly, Adams would escape. If he should postpone the trial of all the defendants, he might never be able to get the attendance of his witnesses against the Stockhams again.

In fact if the defendants are numerous, and all to be tried jointly, unless the prisoners ask for separate trials, it may happen that all can never be tried without great danger that some will escape for the reason of some witnesses who could not be pro-cvred. In fine, the court in its discretion, refused to order a joint trial. We have not the means of reviewing that discretion, for we are not informed of the objection of the district attorney to the motion, That discretion was conferred by the statute, and we have not the power to review it, except in very special cases, and then not upon a bill of exceptions.

New trial denied.