WILLIAM B. STERRETT et al., Respondents, *v.* THE THIRD NATIONAL BANK OF BUFFALO, Appellant.

In an action brought by the members of a firm to recover for the alleged conversion of firm property which was levied upon and sold by defendant under an attachment and execution against one of the copartners, the case was tried upon the theory that if plaintiffs' firm was solvent the levy was proper, if insolvent, that it was without authority, and the action maintainable, and the only question litigated was as to its solvency. *Held,* that the question as to whether, even if the firm was insolvent, an action of trover was maintainable, could not be raised on appeal to this court.

Where a party calls upon the trial court to make a ruling in his favor, he must specify with reasonable clearness the point that he desires considered and decided, in order to predicate error, upon an exception to a ruling against him.

(Argued October 22, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the October term, 1888, which affirmed a judgment in favor of the plaintiffs entered upon a verdict.

This action was for the alleged conversion by defendant of four negotiable certificates representing 4,000 barrels of petroleum oil.

The answer was, in substance, a general denial and a justification of the alleged trespass under the levy of an attachment, issued in favor of the defendant against the property of said Sterrett, upon his interest in said certificates, and the sale thereof under an execution subsequently issued upon a judgment recovered in the action in which the attachment was granted.

The following are extracts from the opinion:

"This action was tried at the Circuit upon the theory, apparently acquiesced in by both parties, that if the plaintiffs' firm was solvent at the time the attachment was levied, Sterrett had an individual interest in the certificates in controversy that justified the levy, but that if it was then insolvent, he had no personal interest therein, and hence that the levy was made without authority. Much evidence was produced by both parties relating to the solvency of the firm, and this was the only question litigated. At the close of the evidence the counsel for the defendant moved for a nonsuit upon the ground that the plaintiffs had failed to make out a cause of action, and also that a verdict be directed in its favor upon the ground that the proof as it stands discloses an interest in William B. Sterrett in the certificates in question, and if he had an interest in the certificates on the day on which they were attached, the action cannot be maintained. The motions were denied separately and the defendant excepted. The only question of fact submitted to the jury was whether the firm was solvent or insolvent when the levy was made. The court charged that 'the assets which the partnership owns are in the first place to be paid out and appropriated in the extinguishment of partnership debts. * * * In the second place, if there is anything left and one partner, with reference to the partnership matters, is owing another partner, the rest

of the property primarily is to be divided among the partners in proportion as the partnership owes one or the other. After that the general creditors of each individual partner come in. * * * The question for the jury to determine is whether, on the 8th day of December, 1882, the plantiffs' firm was insolvent. If it was, then the plaintiffs are entitled to recover for the purpose of having the proceeds of the firm property applied in extinguishment of the firm's debts. * * * If, on the other hand, you should find that upon the day in question the plaintiffs, that is the firm, was solvent, able to pay its debts in the way intimated by the court, your verdict will be for the defendant, because the attachment was proper in case there was no insolvency.' No exception was taken by the defendant to any part of the body of the charge and only two requests for instructions were presented by its counsel, each of which impliedly conceded that the question to be determined had been correctly stated by the court. At no time during the trial, so far as the record before us discloses, was it claimed in behalf of the defendant that the plaintiffs had mistaken their remedy or that they could not maintain an action of trover even if their firm was insolvent. No such question was raised at the General Term. * * * Upon the argument of the appeal to this court, however, the learned counsel for the defendant insisted that the plaintiffs could not maintain trover even if the firm was insolvent, because the sheriff had the right to seize the copartnership effects under the attachment to sell the interest of Sterrett therein under the execution, and to deliver the property into the possession of the purchaser, against the will of the other parties. * * *

"We shall not, however, enter upon the discussion of this question, because it was not raised at the trial and is not before us. If the learned counsel for the defendant intended to raise it at the Circuit, he should, in fairness to the court and to the counsel for the plaintiffs, have said something about it so that his position could have been understood. If he did not intend to raise it there he should not be allowed to take advantage of it here. No motion was made to dismiss upon the opening of the plaintiffs, or at the close of their evidence. No objection was made to the admission of testimony upon

the ground that the action could in no event be maintained, because the plaintiffs had mistaken their remedy. No suggestion was made as to the form of the action, and a long trial was had upon the theory that it was properly brought and that the plaintiffs could succeed, provided the question of fact was decided in their favor. Under these circumstances a motion to nonsuit, made after all the evidence was in, upon the sole ground that the plaintiffs had failed to make out a cause of action, did not bring up any question as to the remedy, but was in the nature of a challenge to the sufficiency of the evidence upon the merits. Considering the course pursued upon the trial, the language used in making the motion was too general to call the attention of the court to the point that the plaintiffs should have brought a suit in equity instead of an action at law. (*Thayer* v. *Marsh*, 75 N. Y. 340, 342; *Binsse* v. *Wood*, 37 id. 525, 532.) If a party calls upon the trial court to make a ruling in his favor, he must specify with reasonable clearness the point that he desires considered and decided, in order to predicate error upon an exception to the ruling against him. (*McKeon* v. *See*, 51 N. Y. 300, 304.) An exception taken during the progress of a trial is a protest against the ruling of the court upon a question of law. (Code Civ. Pro. §§ 992–996; Anderson's Law Dict. 426.) It is designed as a warning for the protection of the court so that it may reconsider its action, and for the protection of the opposing counsel so that he may consent to a reversal of the ruling. Unless the question of law upon which a ruling is sought is so stated that it is or should be understood, an exception is of no avail, because the exception is to the ruling as made and the ruling is upon the question as stated. We do not think that any question relating to the remedy was so stated that the trial court could have understood that it was intended to be raised, and if it was not raised upon the trial it cannot be considered here. (*Adams* v. *Irving National Bank*, 116 N. Y. 606, 614; *Wellington* v. *Morey*, 90 id. 656; *Donovan* v. *Vandemark*, 88 id. 668.)"

*Adelbert Moot* for appellant.

*C. D. Murray* for respondent.

Vann, J., reads for affirmance.

All concur, except Bradley and Haight, JJ., not sitting.

Judgment affirmed.