# Court of Appeals.

November, 1904.

## THE PEOPLE v. ANTON J. WIECHERS, IMPL'D, ETC.

(179 N. Y. 459.)

1. CRIMES—WHEN INDICTMENT CANNOT BE ATTACKED FOR FIRST TIME ON APPEAL TO COURT OF APPEALS.

An accused person who has omitted to question an indictment, either by demurrer before the trial, or by objecting thereto during the trial or by a motion in arrest of judgment made after the trial, cannot attack it for the first time on appeal, unless it is by an

argument addressed to the discretion of the court hearing the appeal in the first instance, and that discretion does not belong to the Court of Appeals except in capital cases.

**2. When Sufficiency of Indictment Is Not Challenged Upon the Trial.**

A motion that the trial court advise the jury to acquit upon the ground that the evidence does not warrant a conviction and that the crime charged in the indictment has not been proven does not challenge the indictment because no crime is set forth, but on the contrary distinctly recognizes that a crime is charged therein, and an exception to the denial thereof is not available on appeal upon the ground that the sufficiency of the indictment was thereby objected to upon the trial.

People v. Wiechers, 94 App. Div. 19, affirmed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 3, 1904, upon an order which affirmed a judgment rendered at a Trial Term for the county of Erie upon a verdict convicting the defendant of the crime of conspiracy to defraud.

The facts, so far as material, are stated in the opinion.

George Raines and M. Fillmore Brown for appellant.
The question of the sufficiency of the indictment is raised in the Court of Appeals by the defendant's motion made at the close of the People's case, and again at the close of the testimony, which motion is as follows: "The defendant Anton J. Wiechers requests the Court to advise the jury to render a verdict of not guilty upon the ground that the evidence does not warrant any conviction." (People v. Bennett, 49 N. Y. 137; People v. Sullivan, 27 Hun, 37; People v. O'Farrell, 175 N. Y. 324.) The Court of Appeals has a right to examine the record to determine whether, as a matter of law, the defendant had committed any crime. (Warn v. N. Y. C. R. R. Co., 165 N. Y. 75.) The representations of

statements are not of any existing fact, but only the belief of the defendants that they possessed certain magnetism sufficient to cure human disease. (People v. Lawrence, 50 N. Y. S. R. 247; People v. Raney, 22 N. Y. 413; People v. Blanchard, 90 N. Y. 314; Healing v. McAnnulty, 187 U. S. 94.)

Edward E. Coatsworth, District Attorney (Frank A. Abbott of counsel), for respondent. No objection to the form or substance of the indictment having been taken by demurrer upon the trial or by motion in arrest of judgment, such objections cannot be made upon this appeal. (People v. McCarthy, 110 N. Y. 314; People v. Upton, 38 Hun, 111; People v. Tower, 135 N. Y. 459; Mason v. People, 26 N. Y. 200.)

VANN, J.

The defendants were jointly indicted for conspiracy with intent to cheat and defraud, but after the indictment was moved for trial and before a jury was called, the defendant Temple withdrew his plea of not guilty and interposed the plea of guilty. The trial then proceeded against the defendant Wiechers, and when the jury found him guilty a motion was made in his behalf for a new trial upon the ground that the verdict was against the weight of evidence and that the court erred in its rulings relating to evidence. The motion was denied and sentence of imprisonment for the period of nine months was imposed. No motion was made in arrest of judgment and the only appeal taken to the Appellate Division was from the judgment of conviction, which was affirmed, one of the justices not voting.

The evidence at the trial tended strongly to show that the defendant was guilty of the crime of conspiracy, and, hence,

the judgment against him should be affirmed, unless some error was committed by the trial court which affects a substantial right. Upon the record presented, with no motion made in arrest of judgment, we have nothing before us as a basis upon which to found error but the exceptions taken to the rulings of the court during the progress of the trial.

The defendant now seeks, through counsel who took no part in the trial, to attack the indictment upon the ground that the representations set forth therein do not refer to any existing fact capable of proof, but only to the belief of the defendants that they, or the mythical boy ''Antonius'' whom they personated, possessed certain magnetism sufficient to cure all bodily afflictions. There was much evidence, however, tending to show that the defendants represented not only that they or the pretended boy could cure nearly all known diseases by their peculiar methods, but also that they had actually done so. There was no defect in the evidence, but it is strenuously contended that there was a defect in the indictment which entitles the defendant to a reversal of the judgment against him.

An indictment cannot be attacked upon appeal unless some foundation was laid therefor before final judgment was rendered. An accused person may take advantage of a defective indictment by demurring thereto before the trial, by objecting thereto during the trial, or by a motion in arrest of judgment made after the trial. The function of a demurrer, which was not resorted to by the defendant, is to defeat the indictment without a trial, whenever it appears upon the face thereof that it is subject to one or more of five objections named in the statute. (Code Crim. Proc. § 323.) These objection can be taken only by demurrer, ''except that the objections to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty, and in arrest of judgment.'' (Id. § 331; Peo-

ple v. Meakim, 133 N. Y. 214.) The statute does not provide how either of the two objections last named shall be taken at the trial and, hence, the ordinary practice of raising the question by objection and exception necessarily applies. A motion in arrest of judgment is mode after a plea of guilty, or after the trial has ended in a verdict of guilty, but no such motion was made in the case now before us. (Id. § 467.) If a defendant with all these chances open to him omits to question the indictment before the trial, during the trial or after the trial and makes no objection to the form or sufficiency thereof until the argument of an appeal from the judgment of conviction, he cannot then be heard upon the subject. The indictment is the foundation for the prosecution of all serious crimes and it may be challenged from the time of arraignment until final judgment has been pronounced, but it cannot be attacked for the first time upon appeal, unless it is by an argument addressed to the discretion of the court hearing the appeal in the first instance, and that discretion does not belong to us except in capital cases.

Was any objection taken or question raised during the trial as to the indictment now before us? We find none in the record. No challenge to the indictment was in terms presented during the trial. No claim was made that it was defective in any way. No general objection was taken that evidence should not be received because the indictment did not charge a crime and no specific objection that certain evidence was inadmissible because the indictment was defective in some respect. So far as appears, from the beginning to the end of the trial the indictment was not criticised or questioned in such a way that the trial court oould know that an attack was made upon it. After the verdict was rendered, when a motion was made for a new trial, no claim was asserted that the indictment was bad for any reason.

The only way in which it is now claimed that any question as to the indictment was brought to the attention of the

court was by the defendant's motion at the close of the evidence for the People, and again at the close of all the evidence. All that the record shows in relation to these motions is as follows: "The defendant, Anton J. Wiechers, requests the court to advise the jury to render a verdict of not guilty upon the ground that the evidence does not warrant a conviction. 2. Upon the ground that the crime charged in the indictment has not been proven. Motion denied and exception."

These motions challenged the evidence, not the indictment, and there was evidence to justify a conviction for the crime which the indictment purported to set forth. There was no claim that the indictment did not warrant a conviction, but that, to use the words of counsel when making the motion, "the crime charged in the indictment has not been proven." Thus the motion instead of challenging the indictment because no crime was set forth, distinctly recognized that a crime was charged therein. The motion was made upon specific grounds which did not include, or necessarily involve, any objection to the indictment, and hence the trial court could not have understood that the indictment was questioned. It cannot be told from the record that any defect in the indictment was in the mind of counsel, or that he desired any ruling in relation thereto. The statute authorizes the objection that° the facts stated in the indictment do not constitute a crime, to be taken at the trial, but no such objection was taken during the trial under review. "If a party calls upon the trial court to make a ruling in his favor, he must specify with reasonable clearness the point that he desires considered and decided, in order to predicate error upon an exception to the ruling against him. An exception taken during the progress of a trial is a protest against the ruling of the court upon a question of law. It is designed as a warning for the protection of the court so that it may reconsider its action, and for the protection of the

opposing counsel so that he may consent to a reversal of the ruling.    Unless the question of law upon which a ruling is sought is so stated that it is or should be understood, an exception is of no avail, because the exception is to the ruling as made and the ruling is upon the question as stated.' (Sterrett v. Third National Bank, 122 N. Y. 659, 662; Code Crim. Proc. § 455.)

We cannot consider the questions relating to the indictment which were so ably argued before us, because they were not raised as authorized by statute, or by the practice of the courts, and, hence, were in effect waived.    (People v. Tower. 135 N. Y. .457; People v. Formosa, 131 N. Y. 478, 481.)    A practice act like the Code of Criminal Procedure would complicate rather than simplify the practice, if it were held that an indictment could be successfully attacked for the first time after judgment and upon appeal, when the evidence was sufficient to warrant a conviction for the crime purporting to be charged but which it is claimed was not sufficiently charged.    Even if the indictment is not strong enough to withstand a direct attack in the manner provided by law, the judgment entered thereon would be good as a plea in bar to another prosecution for the offense which was at least colorably charged and was clearly proved.    Both at common law and by statute a verdict cures such imperfections of form in an indictment as do not tend to prejudice substantial rights upon the merits.    (Code Crim. Proc. § 285; 1 Bishop Cr. Proc. § 707a.)

While the argument of the counsel for the appellant was substantially confined to the exceptions taken to the denial of the motions to advise an acquittal, we have read the record with care and have considered every objection made and exception taken during the trial, but we find none that should disturb the verdict.    The judgment, therefore, should be affirmed.

O'BRIEN, J. (dissenting).

The question in this case is whether a conviction in a criminal case can be upheld in this court where it appears that the indictment does not charge any criminal offense. I assume that, after the examination and discussion of this case, no one will claim that the indictment charges a crime. If it did there would obviously be no reason for discussing the question as to how and when such a defect can be raised. If this conviction is to be affirmed on the ground that the defendant omitted to raise any question in regard to the indictment that is practically an admission that the indictment is bad. That being the real condition of the record in this case there is nothing for us to consider except the question whether this court has jurisdiction to review the conviction in cases where the indictment is so defective that no crime is charged. I do not think that a judgment in a criminal case should be upheld in this court when it appears that the indictment does not charge a crime.

The judgment record proper in a criminal case contains no exceptions. A case or exceptions is not essential to the review of a judgment in a criminal case. It may be reviewed as a civil case may, upon the record or judgment roll, which consists of the indictment, the plea, the minutes, the verdict and judgment or sentence. (Code Crim. Pro. § 485; 1 Bishop Cr. Pro. §§ 1340-1359.) Upon this record alone a person convicted of a crime may appeal and have the judgment reviewed without any case and exceptions; if he so elects. On such an appeal the court can deal only with errors or questions that appear on the face of the record. If it appears, upon an inspection of the record, that is, from the indictment, that the trial court had no jurisdiction then the judgment will be reversed for that reason. If it appears that the judgment rendered is not supported by the verdict it may be reversed for that reason and if it appears that no crime was charged in the indictment it must follow that the

verdict of guilty is no broader than the charge and does not import any crime whatever, and, consequently, there is nothing to support the judgment. Whatever fundamental defects appear upon the face of the judgment rendered may be reviewed and corrected on appeal, but no other. Hence, the presence of a case or bill of exceptions enlarges the scope of the review, but, of course, cannot limit the power to deal with any question that the court could deal with if the appeal was on the judgment record alone. Therefore, when it appears from the record, independent of any case or exceptions, that a person has been convicted of a crime when no crime was charged, then a plain legal error is disclosed by a mere inspection of the record, which any court may deal with, even of its own motion. If, for example, the record disclosed the fact that the accused had been indicted for assault and battery but convicted of burglary and sentenced accordingly, it does seem to me that this court ought not to look for some exception to raise the question. The question is raised by the record itself, which imports absolute verity, and it is only in a case where the error, if any, is not disclosed by the record that a case and exceptions become necessary. It was always the law, and is the law still, that an appeal or a writ of error which brings up the judgment record is good for an error in the indictment, in the verdict, in the sentence or any other part of the record or where the statute authorizing the punishment is repealed. In short, such an appeal, after sentence, raises all questions which would have sustained the motion in arrest of judgment. (1 Bishop Crim. Pro. § 1368.)

The present Code of Criminal Procedure has abolished the writ of error and substituted in its place an appeal for a review of the judgment in a criminal case; hence, upon such an appeal the defendant may raise any question that could be raised upon a writ of error and it has always been the law that a defect of substance appearing in the indict-

ment could be taken advantage of by writ of error. There is nothing in the present Code that in the least affects that rule. The present appeal is certainly broad enough to give to the defendant every advantage which he could have obtained formerly by a writ of error.

In People v. Stockham (1 Park. Cr. Rep. 424) it was said that "in a case where the sufficiency of the indictment is not involved in some decision made or opinion advanced at the trial the only mode of reaching a defect in the indictment is on a motion in arrest of judgment or by a writ of error brought on the record of the judgment itself."

In People v. Johnson (Id. 564) the case was brought before the court on a writ of error. Counsel for the defendant had raised an objection to the indictment at the trial. The court in holding the indictment defective said: "If any fact which is a material ingredient to constitute the crime is omitted in an indictment such omission vitiates it and the defendant may avail himself of such defence by demurrer, by writ of error or on a motion in arrest of judgment." (Citing Archbold's Cr. Pl. [5th ed.] 42; Barbour's Cr. Law, 320; Lee v. Clark, 2 East, 333.)

Prior to the enactment of the present Code of Criminal Procedure the Revised Statutes provided: "No assignment of errors or joinder in error shall be necessary upon any writ of error or certiorari issued pursuant to the foregoing provisions; but the court shall proceed upon the return thereto and render judgment upon the record before them." (2 R. S. 741, § 23.)

In People v. Thompson (41 N. Y. 1) this court was asked to reverse the conviction of murder in the second degree upon the ground, among others, that the evidence did not warrant a conviction for that offense. In the opinion delivered by Judge GROVER it is stated: "The counsel for the defendant insists that, although no exception was taken to the charge, yet, when the court can see that the accused has

been convicted of a crime of which he was not legally guilty, it is its duty to reverse the judgment and order a new trial, or discharge him, as the case may require.   This presents the question, whether the Supreme or this court, upon a writ of error, can review the conviction upon the merits, or whether such review is confined to questions of law arising upon exceptions taken upon the trial.   That the latter only can be considered is perfectly clear.   The right of review upon writ of error, in criminal cases, was not given by the common law; it depends entirely upon the statute, and the courts possess the power only conferred by the statute.   Section 23, 1 R. S., page 736, gives the right to the accused of taking exceptions to the decision of the court upon the trial of indictments, and subsequent sections that of review upon error.   These sections show that the right of review embraces only such decisions of the court as were excepted to, and errors that appear in the record."

In Fellinger v. People (15 Ab. Pr. 128) the defendant was indicted and convicted of burglary in the first degree and the case was brought up on a writ of error.   The indictment was attacked because it did not charge the crime of burglary in the first degree.   The report of the case does not show that any objection to the indictment was taken on the trial. The court, however, reversed the conviction, and it was there said:   "If any of the ingredients contained in the statutory definition are omitted the indictment is fatally defective and the defect is not cured by verdict.   (Dedieu v. People, 22 N. Y. 178.) * * * It was urged, however, upon the argument that these defects were cured by the verdict.   No defect in substance can be so cured.   It is only matters of form not affecting the substantial rights of the prisoner which can be disregarded after verdict."

In Gaffney v. People (50 N. Y. 416, 425) it is said: "The Revised Statutes authorize the review of a conviction and judgment in a criminal case upon a writ of error, which,

by the well-settled doctrine of this court, only brings up the record and matters in the nature of a record, together with the bill of exceptions, if any, which has been settled in the case. * * * It is only legal errors which can be considered on writs of error, errors appearing in the record or by exceptions taken upon the trial."

The same doctrine is held in Walsh v. People (88 N. Y. 458).

When no crime is charged in the indictment the court will, of its own motion, arrest judgment, even where the accused has pleaded guilty. (Com. v. Kersey, 1 Mass. 137.)

The judgment in a criminal case will be reversed in a writ of error for any defect or error appearing on the face of the record. (Chitty Cr. Law, ch. 18, pp. 744, 755.) A writ of error always brought up for review any defect of substance appearing on the face of the indictment. (Archbold Cr. Pr. & Pl. [8th ed.] pp. 354, 355.) The same rule is laid down in Wharton's Cr. Pl. & Pr. §§ 770-783.

Of course, it was provided at an early date by statute, as it is now in the Code, that certain defects or irregularities are cured by verdict, but it was never held that the omission to charge a crime in the indictment is cured by verdict. Such a fundamental defect is fatal to a conviction, since it is only matters of form not affecting the substantial rights of the prisoner that can be disregarded after verdict.

It is an elementary and fundamental principle in criminal jurisprudence that every material fact essential to the commission of a criminal offense must be distinctly alleged in the indictment. If the indictment fails to charge a crime, such fatal defect is not cured by intendment or any implication whatever. Unless a crime is charged a verdict of guilty upon the indictment does not convict the defendant of any criminal offense. In such a case it is of no consequence that the evidence may prove or tend to prove some crime, since no one can then tell of what crime the party was con-

victed and no court can properly pass sentence upon the
accused, as punishments are only attached to specific crimes
or offenses.    It must be apparent, therefore, that an indict-
ment so defective that it does not charge any crime is such a
fundamental question that it can be raised at any time.
Rulings at the trial with respect to the admission or rejec-
tion of evidence, the giving or refusing of instructions,
motions for a new trial or other matters or proceedings
which are not a part of the record proper unless exceptions
be taken to such rulings at the proper time cannot be
reviewed save as embodied in a bill of exceptions.    These
are all matters of procedure.    But the charge in the indict-
ment is the very foundation of all procedure, and I think
where no crime is charged the question can be raised at any
time and in any court, although, as will be seen, it is not
necessary to go as far as that in this case.    When it appears
that the trial court was without jurisdiction of the subject-
matter then such jurisdictional question may be raised for
the first time in a court of review.    The court will, in such
cases, ex mero motu, take notice of such defect.    (Hughes
on Criminal Law & Procedure, § 2847.)    In our Code the
want of jurisdiction and the absence of a criminal charge are
classed together and treated in precisely the same way, and,
indeed, as matter of reason, it cannot be said that any court
has jurisdiction to try a criminal case unless it appears that
a crime is charged and embraced in the indictment.

When it appears that the indictment does not charge a
crime the defendant is not obliged to demur.    He may take
advantage of that defect at the trial, since our Code of
Criminal Procedure expressly provides that an ''objection to
the jurisdiction of the court over the subject-matter of the
indictment or that the offense stated did not constitute a
crime may be taken at the trial under the plea of not guilty
and in arrest of judgment.''    (Code Cr. Pro. § 331.)    This
statute does not prescribe the manner in which such an

objection may be taken at the trial. No particular form of words is necessary. It is enough that the party accused has presented to the court the question in some form. In this case, at the close of the evidence in behalf of the People and of the whole case, the defendant requested the court to direct his acquittal, and, without elaborating, that request was obviously broad enough to search the whole record to the very foundation of the case, namely, the charge in the indictment. If the indictment did not charge an offense, then, manifestly, he was entitled to have his motion granted. The trial court must be presumed to know whether any criminal offense was charged, just as it is presumed to know that the court has no jurisdiction. Both of these defects are reached in the same way and by the same motion and both defects have always been treated in the same way in a court of review. It is entirely safe to say that no case can be found where the record disclosed the fact that no crime was stated in the indictment, and yet the conviction was upheld on the ground that the accused failed to bring the defect to the attention of the court at the trial or for any other reason. When it is shown that no criminal charge has been made against the accused the whole superstructure of the trial suffers a collapse, since there is no foundation upon which to procure a conviction or to impose a sentence. If a person should be accused by the grand jury in a general way of the crime of perjury, without stating to what things he had falsely sworn or how they were material I venture to say that this court would not sustain a conviction based upon such a charge. This serves to illustrate the question involved in this appeal.

I have thus far considered the case on the assumption that no question was raised at the trial with respect to the indictment, but I think it was raised by the requests which the defendant made to the court to direct his acquittal. That was broad enough to comprehend a fatal defect in the indict-

ment since that defect could not have been supplied at the trial or the pleading amended, and the authorities in this court, as I think, go to that extent. In the case of People v. Bennett (49 N. Y. 137) the only motion made by the defendant was to be discharged on the ground that the offense was not proven and there was no question for the jury. This court properly remarked that there was no power at the trial to grant that motion; that there was no such thing in a criminal case as a nonsuit; that the verdict of the jury must be pronounced after the trial had been commenced, although that may be done under the advice or direction of the court. It was also held that the same strictness in the form of exceptions will not be enforced in criminal as in civil cases but the court will look at the substance of the request. And in that case the court reviewed the evidence at the trial given in support of the charge. The request was that the accused be discharged and the case taken from the jury. In the case at bar the request was that the court direct an acquittal. The motion in each case was not based upon strictly accurate grounds, but that does not preclude this court from reviewing the conviction, especially in a case where the defect is so fundamental as it appears to be in this case. In People v. Ledwon (153 N. Y. 10) the defendant requested the court to dismiss the indictment on the ground that the People had failed to make out a case or to show that any crime was committed. In that case the indictment was perfectly good and the request to dismiss it was even more inaccurate than anything that appears in the record before us, but this court held again that, although the defendant had not made the proper motion it was not necessary to be so specific as in civil cases and the request was treated as in substance a request to direct an acquittal or that the court instruct the jury, as matter of law, that the prisoner could not be convicted. In neither of the cases cited did this court suppose that the defendant had waived anything

by making a wrong request. In both cases the court treated the requests as practically a motion by the defendant that the case was not one where a conviction could be had.

Now, the reasons which the defendant in the case at bar presented to the court were just as broad and comprehensive as in either of the cases cited. It was in substance a request to the court to rule and decide that he could not be convicted, and of course no conviction could be had unless the indictment stated a crime. It was not necessary for the defendant's counsel to educate the court step by step as to fundamental defects in the record. He saved the question by making the request so broad that it reached the very foundation of the whole proceeding.

The judgment should be reversed and the defendant discharged.

GRAY, BARTLETT, MARTIN and WERNER, JJ., concur with VANN, J.; CULLEN, Ch. J., concurs with O'BRIEN, J.

Judgment of conviction affirmed.