(108 App. Div. 6.)

PEOPLE ex rel. SCHNEIDER v. HAYES, Warden, et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1905.)

HABEAS CORPUS—GROUNDS OF REMEDY—INDICTMENT—INSUFFICIENCY—WAIVER.
    Code Cr. Proc. § 321, provides that the only pleading allowable on the part of an accused is a demurrer or plea, and by section 323 it is cause for demurrer that the facts stated in the indictment do not constitute a crime. By section 467 a motion in arrest of judgment may be made, even after a plea of guilty, and may be founded on any defect mentioned in section 331. Section 469 provides that a motion in arrest of judgment must be made before or when defendant is called for judgment, and section 331 provides that an objection to the jurisdiction or that the facts stated do not constitute a crime may be taken at the trial under the plea of not guilty and in arrest of judgment. *Held*, that a defendant could not treat an indictment as sufficient, plead guilty to it, permit

judgment to be entered against him without protest, and assert that he
had nothing to say when asked why judgment should not be pronounced
against him, and thereafter procure his discharge from custody on the
ground that the indictment failed to state certain essentials of the crime.

Appeal from Special Term, Kings County.

Habeas corpus by the people, on relation of John Schneider, against
Patrick Hayes, as warden of Kings County Penitentiary, and another,
to secure relator's release from custody. From an order dismissing
the writ of habeas corpus, and writ of certiorari in aid thereof, relator
appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH,
and MILLER, JJ.

Thomas C. Whitlock, for appellant.

Peter P. Smith (Robert H. Elder, Asst. Dist. Atty., on the brief),
for respondents.

HIRSCHBERG, P. J. On or about the 26th day of April, 1905,
the relator, with three others, was indicted by the grand jury of Kings
county under the provisions of section 344a of chapter 9 of title 10
of the Penal Code. The chapter of the Penal Code referred to pro-
vides for the punishment of the crime of gambling, and the indictment
charged the relator under three counts with the guilt of engaging in
the forbidden practice which is commonly known as "playing policy."
He first pleaded that he was not guilty, but subsequently, after the trial
and conviction of the other three, withdrew that plea and pleaded guilty
to the third count in the indictment, and on the judgment of conviction
founded on that plea was duly sentenced in the County Court of Kings
county on the 22d day of May, 1905, to serve a term of eight months'
imprisonment in the penitentiary of that county. Shortly thereafter
he sued out for his discharge writs of habeas corpus and certiorari
against the warden of the penitentiary and the clerk of the county, and
his appeal is taken from an order of the Supreme Court dismissing the
writs upon the trial of his demurrers to the returns.

The third count of the indictment charges the relator with knowing-
ly having in his possession on the day named as the one on which the of-
fense was committed—

"Certain papers, prints, writings, numbers, devices, policy slips, and articles
of the kind such as are commonly used in carrying on, promoting, and playing
the game commonly called 'policy,'" committed by them willfully and felo-
niously having in his possession knowingly "certain papers, prints, writings,
numbers, devices, policy slips, and articles of the kind such as is commonly
used in carrying on, promoting, and playing the game commonly called 'policy,'
a more particular description of which said game, commonly called 'policy,'
and of said papers, prints, writings, numbers, devices, policy slips, and articles
of the kind such as is commonly used in carrying on, promoting, and playing
the game of policy, is to the grand jury unknown."

The relator assails the right of the people to imprison him on the
judgment of conviction because, as he claims, the count in the indict-
ment to which he pleaded guilty charges no crime, for the reason that
certain allegations are omitted which are deemed by him to be essen-
tial. Without considering and determining the question of the third

count in the indictment, it seems to us sufficient to say that the question cannot be presented for the first time after judgment without a motion made in arrest of judgment or by a direct appeal. The provisions of the Code of Criminal Procedure for the redress of grievances relating to jurisdictional and other defects in the prosecution and trial of indictments are ample, and should be deemed in this case exclusive. By section 321 of the Code of Criminal Procedure it is provided that the only pleading allowable on the part of an indicted defendant is either a demurrer or a plea. Section 323 sets forth the grounds of demurrer, among which is the one that the facts stated in the indictment do not constitute a crime. Section 467 defines a motion in arrest of judgment, which may be made even after a plea of guilty, and which may be founded on any of the defects in the indictment mentioned in section 331. Section 469 provides that such motion must be made before or at the time when the defendant is called for judgment. And section 331 provides that the objections to an indictment mentioned in section 323 can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment, or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty, and in arrest of judgment. It thus appears that the relator might have raised the question now presented by demurring to the indictment, or upon the trial under a plea of not guilty, or after his plea of guilty had been entered, upon a motion in arrest of judgment. On the adoption of any of these courses, an adverse decision would have been subject to appellate review. But we do not think the relator was at liberty to treat the indictment as sufficient, to plead guilty to one of the counts, to permit judgment to be entered against him upon that plea without protest or objection, to assert, as the record in this case indicates he did, that he had nothing to say when asked whether he had any legal cause to show why judgment should not be pronounced against him, and, after judgment has been so pronounced with his voluntary and deliberate assent, to procure his discharge from the sentence imposed because of defects or irregularities of which he might have availed himself upon the trial or by motion in arrest of judgment. A somewhat similar question was similarly decided by this court in People v. Austin, 63 App. Div. 382, 71 N. Y. Supp. 601, affirmed 170 N. Y. 585, 63 N. E. 1120. It may be that there are irregularities in the commitment of the relator; but he is detained, not by virtue of that process, but by virtue of the judgment. People ex rel. v. Baker, 89 N. Y. 460.

The judgment is regular and valid on its face, it was rendered by a court of competent jurisdiction, it was founded upon an indictment charging a recognized crime, the objection now urged against the enforcement was not presented at the trial or before the rendition of the judgment, and no legal ground exists for interference with the execution of the sentence. It follows that the order appealed from should be affirmed.

Order dismissing writs of habeas corpus and certiorari affirmed, without costs. All concur.