# COUNTY COURT—ONEIDA COUNTY,
## December 1915.

## THE PEOPLE v. JOHN CHAMBERLAIN.

(92 Misc. 720.)

CONSERVATION LAW, §§ 176, 196—" HUNTING RABBITS WITH A FERRET "—
PROHIBITED BY SECTION 196 BUT CHARGED AS A VIOLATION OF SECTION
176—INFORMATION HELD GOOD.

On appeal from a judgment of conviction rendered in a Court of
Special Sessions, the appellate court under section 764 of the Code of
Criminal Procedure should look beyond the mere form to the substance
and endeavor without undue reference to highly technical rules to
ascertain whether or not substantial justice was done.

Section 176 of the Conservation Law declares that any person doing
any act prohibited by article V of said statute with reference to
quadrupeds protected by law shall be deemed to have violated said
section.

Held, that an information charging defendant with " hunting rabbits
with a ferret " with the particular date and place added, contrary to
and in violation of said section, was good, as, though the offense
alleged to have been committed was not specified and in terms men-
tioned in said section, it was prohibited by section 196 of said statute
which was included in article V thereof.

The information was not defective because of the omission to allege
that the hunting did not occur in one of the counties excepted from
the operation of the statute, nor because of the absence of an allegation
that defendant was not the owner or occupant of the farm or lands upon
which the crime is alleged to have been committed, and did not have
authority in writing from the owner to hunt with a ferret.

A sentence upon conviction of a fine of eighty-five dollars, defendant
to stand committed until the same was paid, not exceeding eighty-five
days, held not illegal.

Where the record of conviction shows that defendant was convicted
of a violation of section 176 of the Conservation Law, which might
mean any one of a large number of acts, an objection that the com-
mitment was void in that it did not designate the offense or the time
and place of its commission is not available to defendant on appeal
from the judgment of conviction.

DEFENDANT was convicted of violation of certain provisions of the Game Laws by a Court of Special Sessions of the town of Whitestown after trial before the court without a jury, and appeals therefrom.

*J. A. Goldstone,* for appellant.

*W. R. Lee, Assistant District Attorney,* **for people.**

HAZARD, J.:

Appellant assigns seven different points which he alleges constitute error in his conviction. Most of them are highly technical in their character, but it is urged with earnestness that the alleged irregularities are of such importance that the judgment of conviction cannot stand. Section 764 of the Code of Criminal Procedure provides that the court after hearing the appeal "must give judgment without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant." Courts of Special Sessions are commonly conducted by magistrates not versed in the law, and their proceedings and processes are often crude in form, and this case at bar forms no exception to the general rule. I apprehend that it is the true intention of the law that in reviewing proceedings in those courts the appellate court should look beyond the mere form, and to the substance, and endeavor without undue reference to highly technical rules to ascertain whether or not substantial justice was done. Keeping this rule in mind, we come to a consideration of the alleged errors of the court below. Practically every step and every process is attacked. The first objection is aimed at the information which, it is claimed, did not allege facts sufficient to constitute an offense. The complainant alleges that on the 30th day of January, 1915, at a specified place within this county, did unlawfully, etc., "hunt rabbits with a ferret, was hunting with a ferret on Charles

Brown's premises, to the best of my knowledge and belief, contrary to and in violation of section 176 of the Conservation Law." The alleged trouble in connection with this allegation is found in the fact that " hunting rabbits with a ferret " is not specified and in terms mentioned in section 176 of the Conservation Law. It is mentioned and prohibited in and by section 196 of the Conservation Law, and therefore the point was raised before and at the trial and upon the appeal that the information " does not state a crime." At first glance this objection seems serious, but a careful reading and consideration of section 176 I think will obviate the trouble. The section in question is one of the several sections included in part III of article V of the Conservation Law. Article V comprises what was formerly the Fish and Game Law. Section 176 deals broadly and generally with the subject of " taking, limit, possession, sale and transportation of fish and game." It is what is sometimes referred to as a " blanket " statute. Stripped of words which do not have any bearing upon the present case, the section would read as follows: " No person shall at any time of the year, pursue, take, wound or kill, in any manner, * * * quadrupeds * * * protected by law, * * * or have the same in possession except as permitted by this article. Any person doing any act prohibited by this article with reference to such quadrupeds shall be deemed to have violated this section." It will be observed that to take any quadruped " except as permitted by this article " is a violation " of this section." It must be noted that the words " except as permitted by this article," which occur twice in the section refer not to that section, but " this article," and that any act in violation of " this article " is deemed a violation " of this section." The article in question, as above pointed out, is article V of the Conservation Law, comprising the entire Fish and Game Law. I think this analysis of the section in question brings us legitimately to the conclusion that the information was properly drawn, and that no con-

fusion or error or failure to point out the particular crime occurred therein. Of course it would doubtless be true that a mere allegation of a violation of section 176 would be insufficient, because it might include any act prohibited in the whole article, viz., in the entire Fish and Game Law; but the information in this case pointed out with accuracy the particular crime charged, viz., "hunting rabbits with a ferret," with the particular date and place added. I therefore reach the conclusion that the justice in overruling the objection made by defendant at the outset of the trial, was correct.

The second assignment of error is that the information in this case was further defective in that it failed to plead that the alleged crime was committed in one of the counties that is not excepted by section 196 of the Conservation Law (as amd. by the Laws of 1913, chap. 508, part V). In other words, the claim is made that the allegations of the information, warrant, etc., charging defendant with " hunting rabbits with a ferret " is incomplete, and does not state the commission of a crime unless it contains an allegation that the hunting did not occur in one of the counties excepted by the commission from the operation of the law, and also an allegation that the party charged with the crime was not an owner or occupant of the farm or lands upon which the alleged crime occurred, and did not have authority in writing from the owner to hunt with a ferret. This point, although highly technical, is also both interesting and difficult from a legal standpoint. Many citations to the decisions of the highest court of the state are made. In Rowell v. Janvrin, 151 N. Y. 67, the rule is stated, or the reason for the rule is stated to be that " when a party counts upon the enacting clause of a statute containing an exception, as the foundation of his action, he cannot logically state his case unless he negative the exception." In People v. Stedeker, 175 N. Y. 67, Judge Cullen says: " If the exceptions themselves are stated in the enacting clause it will be necessary to negative

them in order that the description of the crime may in all respects correspond with the statute," and much more to the same effect.

There is much learned discussion and dissertations in the books with reference to whether the saving clause in the statute is to be regarded as an exception or a *proviso*. If the former, apparently it must be stated in the indictment, that is, negatived. If the latter, it is held to be only a matter of defense. As applied to this particular case, the charge is that a crime was not stated in the information, warrant, etc., by charging that the defendant hunted rabbits with a ferret, because it did not say that he did not own the property, did not have a permit in writing from the owner thereof, and that the act did not occur in a county which the conservation commissioners have not excepted from the operation of the law. A reading of the cases cited tends to confuse rather than enlighten, but it seems to me that the addition of the words referred to was unnecessary. I think they were legitimately a matter of defense which did not need to be negatived in the information and warrant. I think the situation is analogous to a charge in an indictment that a defendant had " violated the Liquor Tax Law by selling on Sunday," in which case it has been held repeatedly that it is not necessary to negative or anticipate a defense by an allegation that defendant was not a pharmacist or hotel keeper. People v. Crotty, 22 App. Div. 77; People v. Clark, 61 id. 500; People v. Haren, 35 Misc. Rep. 593; People v. Barasi, 144 App. Div. 466.

The sentence in this case was a fine of eighty-five dollars, defendant to stand committed until paid, not exceeding eighty-five days, and it is claimed that this sentence was illegal. Appellant seeks to convey the impression that the magistrate at Special Sessions was a victim of confusion as to the nature of the action, and that he in fact intended to and did apply a civil penalty instead of a criminal penalty. It is claimed that the magistrate in passing sentence said: " I will waive the misde-

meanor, and will fine the defendant $60, and $25 for one rabbit."
The magistrate in his return states that what he said is this:
" I will waive my right to impose the full penalty for a misde-
meanor, and will fine the defendant $85, and commit him until
the fine be paid, not exceeding 85 days." I feel bound to accept
the magistrate's return as the correct version of the affair, and,
if it is, the sentence was entirely within the provisions of the law.
A violation of any of the provisions of part III (in which section
176 is included) is made a misdemeanor by section 182 of the
Conservation Law, and a violation of section 196—if we may
or must assume they were restricted to the provisions of that
section and part V in which it occurs—is also made a misde-
meanor by section 203 of the Conservation Law. Section 32
of the same law (as amd. by Laws of 1914, chap. 92), provides
a punishment for a person convicted of a misdemeanor of a
fine of not less than ten dollars nor more than one hundred
dollars, with an alternative of one day in the jail or penitentiary
for every dollar. The justice was therefore clearly within his
legal rights in imposing the sentence, and I do not think that I
should go to the defendant-appellant's affidavit, which con-
tradicts the return of the justice, to spell out some possible
confusion in the court's mind between a civil and a criminal
penalty.

Objection is raised that the certificate of conviction does not
conform to the judgment of conviction. All there is to this
point is that in filling out the blank the magistrate had in-
serted " 85 days " before the fine, but he has put it in the
alternative as " 85 days or pay a fine of $85." Of course this
really should be reversed, but as the defendant may relieve
himself of the eighty-five days imprisonment by the payment of
eighty-five dollars, and must serve eighty-five days unless he
pays the eighty-five dollars, there is no substance whatever to
the objection.

The remaining technical objection is that the commitment

was void in that it does not designate the offense, nor the time and place of its commission. The " record of conviction " contained in the return shows that the defendant was convicted of " violation of section 176 of the Conservation Law." It is claimed that inasmuch as a violation of section 176 of the Conservation Law might mean any one of the very large number of acts, in fact (as we have already held), practically any and every violation of the Game Law, it is therefore a void process, lacking the certainty which a document of that importance should have.

The case of People ex rel. Allen v. Hagan, 170 N. Y. 46, 16 N. Y. Crim. 309, is a case in point, as is also People ex rel. Hovey v. Warden, 207 N. Y. 354. I do not think this point is available to the defendant at this particular time. Had such a defect occurred in the warrant, for instance, or in some earlier process, it would very likely have been more serious. The principal reasons for requiring direct and explicit information in a legal process is that the defendant may be advised of the exact nature of the charge against him, and also protected from the danger of more than one proceeding against him for one offense. Both of the cases last above quoted arose where defendant was held prior to the trial, and in the Hagan case (p. 52) it is said: " In cases where a party has been tried and convicted of a crime the office of the commitment is superseded by the judgment. The accused may then be detained in custody by virtue of a certified copy of the judgment, and a formal commitment is not necessary, and, if necessary, can be supplied at any time; but a defect in the commitment is no ground for the discharge of the accused so long as there is a valid judgment of conviction behind it."

In a case not dissimilar to this one, a commitment referring to a particular section of the law was held sufficient after conviction. People ex rel. Dinsmore v. Keeper, 125 App. Div. 137.

Even if we concede that the commitment or certificate of con-

viction may lack some elements of completeness or fullness of information concerning the character of the offense for which the defendant was convicted, I think within the authorities above quoted it must be decided that there is no basis for a reversal of the judgment. It would certainly be a most unfortunate thing to reverse a judgment of conviction solely because of some lack of technical training on the part of the magistrate who presided at Special Sessions he failed to make out the certificate of conviction in such a manner that it is entirely beyond criticism.

We come to the remaining points raised by the appellant, which go to the merits. Firstly, he alleges that the judgment of conviction was contrary to the weight of evidence, and against the weight of evidence. I have carefully read through the entire evidence in the case, and I do not see how I can consistently hold with the defendant on this point. The people's evidence consisted of testimony of an eye witness to the transaction, which was an intelligent and detailed account from an apparently disinterested witness. He stood his cross-examination well, and was not shaken or discredited or weakened in any particular. His evidence was corroborated by that of another entirely disinterested witness to the extent that he saw the defendant near the place where the crime is alleged to have occurred, with some rabbits in his possession, and he saw the blood near the burrow where the killing is alleged to have taken place. The credibility of these witnesses is not even assailed. They stand as disinterested witnesses, and the identification of the defendant and the fact that he had a ferret are testified to in positive terms.

Opposed to this we have the evidence of the defendant and some members of his family, who seek to prove an alibi. The magistrate below did not see fit to believe the defendant and his witnesses, and I do not see how I can decide that in so doing

he committed an error. There was no disinterested testimony offered on behalf of the defendant.

The remaining point alleged by the appellant is that the fine imposed is excessive. It is true that the fine is perhaps larger than sometimes is imposed in cases of violation of the game laws. On the other hand, I know of no reason why I should assume that the magistrate who imposed it was prejudiced against this defendant unduly, and I think it is fair to assume that he acted in view of the information which he had, after seeing the parties, and hearing the defendant and his witnesses, in good faith. He has the advantage of local acquaintance, and I do not think that his judgment in the case should be interefered with. The judgment must, therefore, be affirmed.

Judgment affirmed.