THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN NEWMAN, Defendant.

County Court, Madison County, April 30, 1930.

*Nicholas G. Powers*, for the appellant.

*Albert F. Devitt, District Attorney*, for the People.

CAMPBELL, J. The defendant was convicted on the 7th day of January, 1930, by Thomas M. Hall, justice of the peace of the town of Lebanon, Madison county, while holding a Court of Special Sessions, and, after a plea of guilty, was sentenced to serve sixty days and pay a fine of twenty-five dollars.

From this judgment the defendant has appealed; the appeal is made on three alleged grounds:

1. The insufficiency of the information and warrant.
2. That the justice failed to inform defendant of his rights.
3. That the commitment was defective.

As to the first ground, it is claimed that the information does not state a crime. It charges defendant with and alleges that defendant did commit the crime of keeping a slot machine in violation of article 88, section 982, of the Penal Law of the State of New York, and knowingly did permit to be placed in his hotel and under his control and possession one slot machine 1271, same being in violation of the above section. The information stating the 28th day of December, 1929, at the Middleport Hotel, in the town of Lebanon, county of Madison, at about eleven-forty-five o'clock in the morning of said day, as the place and time where said crime was committed.

Defendant points out that the information did not enumerate the qualities of said machine, and that it did not state it was a machine in which a piece of money might have been inserted, or other object, and from which, as a result of manual operation or of the mere insertion of the money or token, might issue pieces of money or tokens convertible into money.

The slot machine was brought into court in the presence of the defendant. The information specified the necessary elements of the crime, and, even though this defect is such as the defendant points out, the law seems to be well established that slight defects

may be waived by defendant failing to take exception thereto, and by his plea of guilty.

In *People ex rel. Dinsmore* v. *Keeper of Erie County Penitentiary* (125 App. Div. 137, 140) the court said: " But even if there was lacking that precision in stating the charge which the statute requires, as contended on behalf of the relator, he, not having raised the question before the magistrate, waived the defect." (*People* v. *Carter*, 88 Hun, 304; *People* v. *Wiechers*, 179 N. Y. 459; *People ex rel. Schneider* v. *Hayes*, 108 App. Div. 6; *People* v. *Chamberlain*, 92 Misc. 720, 722; *People* v. *Earing*, 71 id. 615, 619; *People ex rel. Krohn* v. *Thomas*, 133 id. 145.)

The return states generally that the defendant was informed of his rights, and, specifically, that he was told by the court that he had a right to counsel and to a jury trial; a jury trial was demanded, after which the plea was changed to guilty. The appellate court is bound by the return of the lower court. (Code Crim. Proc. §§ 756–763; *People* v. *Soule*, [Co. Ct.] 142 N. Y. Supp. 876; *People* v. *Hildebrandt*, 16 Misc. 195, 196.)

If the return is incomplete or defective, appellant should ask for a corrected return. (Code Crim. Proc. § 758; *People* v. *Fuchs*, 71 Misc. 67.)

Ordinarily the matter should be held until such return could be obtained, if the defendant so desired. In similar cases the courts have held that even though the defendant has not been informed as to his rights as to manner of trial, which is to say, whether he be tried by a Court of Special Sessions or make application to have his case presented to the grand jury, that his conduct in pleading is equivalent to a request to be tried by a Court of Special Sessions. (*People* v. *Cook*, 45 Hun, 34; *People* v. *Hildebrandt*, 16 Misc. 195, 197.)

The record of conviction delivered to the sheriff did not comply with the judgment of conviction filed with the county clerk.

The return states that inadvertently Mr. France, who made out the commitment, neglected to change the word " or " as printed in the form to " and; " that thereafter the officer who had the commitment returned to deponent's office in the town of Lebanon, Madison country, N. Y., and this deponent then and there changed the commitment to read to conform to the sentence of the court; that the original sentence had not been changed.

The law is clearly established that the judgment of conviction controls. It is conclusive evidence of the facts stated therein. (*People ex rel. Trainor* v. *Baker*, 89 N. Y. 460; *People ex rel. Dauchy* v. *Pitts*, 118 App. Div. 457; *People ex rel. Schneider* v. *Hayes*, 108 id. 6, 9; *People* v. *Chamberlain*, 92 Misc. 720, 727.)

The record discloses technical defects and errors as herein pointed out, but not such as have prejudiced the rights of the defendant. No claim is made that the sentence is excessive. Under section 764 of the Code of Criminal Procedure it is the duty of the court to affirm the conviction.

Therefore, the judgment is affirmed.