THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BUTLER, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of bookmaking, pool-selling, bets and wagers, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BESSIE MENCZER, Appellant.— Judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 70, subdivision 5-a, of the Vehicle and Traffic Law (leaving the scene of accident without reporting), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANCIS J. NICOSIA, Respondent.— Order of the County Court of Kings county directing dismissal of indictment charging respondent with subornation of perjury reversed on the law and motion to dismiss denied. The testimony of Autuori and Loffredo that defendant procured them to perjure themselves, corroborated by the testimony of the witness Sorace, and defendant's conduct on the trial of the negligence action during which, it is claimed, the perjury was committed, unexplained and uncontradicted, would warrant a conviction by a petit jury. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur. [166 Misc. 597.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER RUDNICK, Appellant.— On appeal by defendant from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting him of a violation of section 114 of the Workmen's Compensation Law (Cons. Laws, chap. 67) in willfully making a false statement to his insurance carriers as to the valuation of his payroll, on which the carrier's premiums were computed, and thereby obtaining the benefit of reduced insurance costs, judgment unanimously affirmed. Defendant pleaded not guilty and then moved to dismiss the information, and when that motion was denied, pleaded guilty, was convicted, and paid a fine. Appeals in criminal cases are purely statutory and can never be allowed without express statutory sanction. (*People* v. *Zerillo*, 200 N. Y. 443, 446.) The record contains no written order denying defendant's motion. An intermediate order may be reviewed on an appeal from a judgment of conviction only when it forms part of the judgment roll (*People ex rel. Hummel* v. *Trial Term*, 184 N. Y. 30, 32), which is not the case here. An oral order overruling a demurrer to an information is not appealable. (*People* v. *Hale*, 136 App. Div. 664.) Instead of moving to dismiss the information, defendant was required to proceed by demurrer before or at the trial, or by motion in arrest of judgment. He took neither course, and the sufficiency of an information may not be questioned for the first time on an appeal from a judgment of conviction. (*People* v. *Wiechers*, 179 N. Y. 459, 462.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEO SHEREDOS, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of assault, third degree, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.