(123 App. Div. 197.)

SCHELL v. TOWN OF GERMAN FLATS.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

HIGHWAYS—INJURY TO BICYCLIST—CHARACTER OF PLACE.

A highway at the approach to a bridge was 35 feet wide, with a stone walk used generally by pedestrians on one side and a cinder path separated from the main part of the highway by a gutter on the other side; such path having been constructed apparently for the use of bicyclists, though there was no showing of compliance with the law so as to relieve the highway commissioners from caring for that part of the approach. *Held*, that the path was not a sidewalk so as to defeat recovery from the town for injury to a bicyclist who, while riding upon it, collided with a pedestrian and was thrown down an unguarded embankment, on the ground that he was improperly on a sidewalk.

McLennan, P. J., dissenting.

Appeal from Trial Term, Herkimer County.

Personal injury action by Jacob F. Schell against the town of German Flats. From a judgment for plaintiff (104 N. Y. Supp. 116, 54 Misc. Rep. 445), and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank A. Schmidt and A. M. Mills, for appellant.

Eugene A. Rowland, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was brought to recover damages for personal injuries alleged to have resulted from the negligence of the defendant's commissioners of highways in leaving an approach to one of the bridges of the town unguarded. The plaintiff was riding a bicycle along the approach, and came in collision with a pedestrian. He was thrown off his wheel, and down the embankment, which was left unguarded, and received serious injuries. A recovery having been had as a result of the trial before the jury, the defendant appeals to this court.

Several questions are suggested as reasons for reversing the judgment and order, but there is only one that we deem it important to consider in an opinion, viz.: The court held and charged the jury that:

"The space between the two railings was all highway, a space which anybody, whether on foot or with a vehicle or with a bicycle, had a right to travel, and that right was one which was not special to either, but was general to all, and the same law that would control the conduct of a pedestrian, or person with a team, as to turning out and passing, and the like of that, would apply to the rider of a bicycle."

The court had already held and charged the jury that the place where the accident occurred was a bridge or an approach to a bridge, and was within the jurisdiction, and under the control of the defendant's highway commissioners, and not the village of Mohawk, and that the place where the plaintiff was riding near the side of the road was not legally a side or bicycle path, so as to relieve the defendant's

commissioners of highways from the duty of caring for and protecting it. The court was clearly right in disposing of these two questions as matters of law, and withdrawing them from the jury. It is said, however, if the place where the plaintiff was riding was not a side or bicycle path, it was still a question for the jury whether it was not a sidewalk, as distinguished from the roadbed where vehicles might travel, and, if it was found to be such a sidewalk, then the plaintiff was improperly riding upon it, and his right to recover might be defeated by the jury. The whole width of the highway at the place of the accident was 35 feet. Upon one side was a walk or coping of stone, used as a sidewalk, and outside of this was an iron fence or railing, the strength and height of which were not complained of. Upon the other side was a cinder path, separated from the main part of the highway by a slight depression or gutter, along which surface water flowed when it accumulated in the highway, and outside of this cinder path was a wooden fence or railing. This was the place where the rail was gone, and the embankment was left more or less unguarded, and the absence of which rail was found to be the cause of this accident. This cinder path was constructed apparently for the convenience and use of bicycle riders, but there was not such proof of compliance with the law as to relieve the commissioners of highways from the care of it as a part of a bridge or approach to a bridge, for the safety of which the commissioners were responsible. It was made quite clear by the evidence that the stone walk on the other side of the highway was generally used by pedestrians, the center for vehicles, and the cinder path for bicycles. The cinder path was not, properly speaking, a sidewalk for the exclusive use of pedestrians, as the stone sidewalk was. It was never designated or set apart or used as a sidewalk for pedestrians as distinguished from vehicles. There was no dispute about this, and therefore there was no error in the charge by the court in the respect suggested. The jury could not find it to be a sidewalk in such a sense that the plaintiff had no legal right to ride upon it with his bicycle. The principal use made of it, ever since it was constructed, was by persons riding upon bicycles. It was really a bicycle path, and not a sidewalk, and was constructed by persons who were very likely sidepath commissioners, though the proof was not given to make it a legal sidepath under the statute. In this condition of the evidence, the cinder path could not possibly be found to be a sidewalk, so as to deprive the plaintiff of the right to ride upon it, under any rule relating to sidewalks, properly regarded as such.

We see no reason why the judgment and order should be reversed. All the questions raised have been fully considered by us. We write only as to the one referred to.

All concur, except McLENNAN, P. J., who dissents in a memorandum.

Judgment and orders affirmed, with costs.

McLENNAN, P. J. (dissenting). Upon the ground that the question as to whether or not the place where the accident occurred was a sidewalk should have been submitted to the jury, and if found that

it was a sidewalk the jury had a right to take into consideration, as bearing upon defendant's negligence and also upon plaintiff's freedom from contributory negligence, the fact that he was riding his bicycle thereon in violation of law; also, upon the ground that the absence of the guard or rail at the place in question was not the proximate cause of the accident.