NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* COUNTY OF ERIE, Respondent, and TOWN OF CHEEKTOWAGA, Appellant.

Fourth Department, July 11, 1951.

*George B. Doyle* for appellant.

*Mark N. Turner* for plaintiff-respondent.

*Wortley B. Paul* and *Elmer R. Weil* for defendant-respondent.

KIMBALL, J. The Town of Cheektowaga in the county of Erie has appealed from a judgment of the Supreme Court which declares it to be the duty of the town to keep in repair and maintain railings on the outer sides of an overpass or bridge which carries Harlem Avenue, a county highway, over the tracks of the New York Central Railroad in said town and county. The action was brought against both the town and the county for a declaration of the duty of such maintenance. The judgment relieves the county. We agree that there is no obligation of such maintenance upon the plaintiff railroad.

This overpass or bridge was constructed pursuant to an order of the Public Service Commission, dated November 16, 1927, after notice to the parties in interest and after a hearing at which they were present. The court at Equity Term has held that the railings are part of the sidewalks on the bridge and that there is a duty upon the town to keep in repair and maintain the sidewalks. The order of the commission of November

16, 1927, was made pursuant to the provisions of chapter 233 of the Laws of 1926 providing for grade crossing eliminations. Chapter 678 of the Laws of 1928 materially changed the act of 1926 and was effective March 27, 1928. We are of the opinion that the question of maintenance of railings and sidewalks upon this structure must be determined by the provisions of the act of 1926 which was in effect when the order of elimination was made. The 1928 act specifically provides (§ 12) that the provisions of the act " shall not affect any proceeding now pending for the elimination of any grade crossing, including one in which an elimination order is under consideration or has been made by the public service commission ". There were two exceptions provided. One related to the acquisition of lands or easements and the other relieved a city, town or village from contributing to the cost of elimination. It seems plain that the Legislature intended that where an elimination order had been made prior to the effective date of the 1928 act, the elimination should be completed in accordance with the 1926 act.

The 1926 act did not make reference to maintenance. Maintenance was governed under that act by section 93 of the Railroad Law. The 1928 act (§ 2, subd. 6) required the plan of elimination to show how the improvement should be maintained " as provided by section ninety-three of the railroad law " and further " such plan shall also show that part of the work of elimination which shall be otherwise maintained as the commission may direct." While we hold that the obligations and duties of the parties must be determined under the 1926 act and not under the 1928 act, we point out, in passing, that it is evident the Legislature by chapter 678 of the Laws of 1928, did not intend to give to the Public Service Commission authority to change or modify the provisions of section 93 of the Railroad Law. The clause of subdivision 6 of section 2 of the 1928 act which required the plan to show " that part of the work of elimination which shall be otherwise maintained as the commission may direct " refers, as we view it, to provisions in section 7 of the act of 1928 which allow for changes " other than necessary for the elimination." In such case, it would be incumbent upon the commission to make provision by order for such changes and to show them upon the plan. Likewise, in such case, the commission would be authorized to determine upon whom the cost of maintenance should fall as to changes other than those " necessary " to the elimination.

The elimination order of November 16, 1927, said nothing about maintenance. It was not necessary to do so as maintenance was governed by section 93 of the Railroad Law. It did provide for a concrete roadway forty feet wide and two concrete sidewalks five feet in width on the bridge and for a " suitable railing on the outside of each sidewalk." Plans were prepared by the railroad in accordance with the order of November 16, 1927, which were required to be submitted to the commission for its approval. Nothing further was to be done or required to be done so far as the duties and obligations of the parties were concerned. Such duties and obligations had been established after notice and hearing and embodied in the order. The commission on January 10, 1929, made a simple order approving the plans. The plan referred to was called " Issue No. 4 " and recited: " This plan agrees with Public Service Commission Order dated November 16, 1927." At the time of the approval order, the act of 1928 was in effect and apparently to conform with that act the plan (" Issue No. 3 ") added a note " explaining " the maintenance of the improvement. The following was inscribed upon the plan " Note — The framework of the bridge over the railroad and its supports shall be maintained by the railroad company, the sidewalks on the bridge and approaches shall be maintained by the Town of Cheektowaga and the remainder of the improvement by the County of Erie." It is this " note " upon the plan and the order of January 10, 1929, approving the plan which are relied upon by the respondents as the basis for making the town liable for the maintenance of the sidewalks and the railings as part of the sidewalks. Since section 93 of the Railroad Law lays no duty on anyone specifically for the repair and maintenance of sidewalks or railings on these bridges, it is apparent that under either the act of 1926 or the act of 1928, there was no authority in the Public Service Commission to arbitrarily lay such duty upon the town, not by the order of elimination but by an order approving the plans only. No notice to interested parties nor any opportunity for hearing was given and, of course, such notice and hearing was not necessary to the approval of a plan which, on its face, stated that it agreed with the elimination order of November 16, 1927. There is no legislative authority given to the commission, by an ex parte order, to modify or extend the obligation or liability of the railroad or a municipal corporation or any other interested party beyond that provided in section 93 of the Railroad Law and embodied in the authorita-

tive order of elimination. There is no claim here that the town requested sidewalks and railings to be constructed as an improvement not necessary to the elimination. Nor does the record before us show that the town acquiesced in the so-called order of January 10, 1929. There is nothing in the record to sustain the finding that the town has maintained the sidewalks " since the completion of the improvement." The statement of counsel for the town at the beginning of the trial, in clarifying the issue presented, is certainly not an admission or stipulation to that effect. There is no proof that the town approved the plan or that it was served with a copy of the order approving the plan. The argument that the town failed to appeal from the order of January 10, 1929, is without merit. Obligations of maintenance were fixed by the basic elimination order of November 16, 1927, pursuant to section 93 of the Railroad Law. That statute provides that the framework of the bridge and its abutments shall be maintained and kept in repair by the railroad corporation and " the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situated ". In this case, that is the County of Erie. The highway was a county highway before the elimination and it is conceded that after the bridge was built, " said bridge has been in use as a part of said Harlem Avenue as a County Highway." In the absence of some statute to the contrary, the duty of maintaining this highway, including the sidewalks and the railings, is upon the County of Erie. It is a county highway from railing to railing. (*People* v. *Meyer,* 26 Misc. 117; *Schell* v. *Town of German Flatts,* 123 App. Div. 197.) Even if there could be found some authority for placing the burden of maintenance of the sidewalks upon the town, it could be reasonably argued that it was still the duty of the county to maintain proper guardrails at the limits of its highway. However, there appears to be no statutory duty as to sidewalks upon the town. Subdivision 2 of section 215 of the Highway Law provides that no action may be maintained against a town for sidewalk defects " unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute." Subdivision 18 of section 140 of the Highway Law in reference to the powers and duties of a town superintendent, states: " Maintain all sidewalks in the town constructed by the state adjacent to state highways and all sidewalks in the town constructed by the county adjacent to county roads ". Harlem

Avenue is not a State highway but a county road and it cannot be successfully argued that the sidewalks upon this bridge were constructed by the county. They were built not by the will and authority of the county but by order of the Public Service Commission as a part of the grade crossing elimination. From the fact that the statute (L. 1928, ch. 678) compelled the county to pay 10% of the total cost of the improvement, it does not follow that the sidewalks were " constructed by the county."

These sidewalks are mere extensions of the shoulders of the county highway as they approach the bridge proper. The county maintains these shoulders and guardrails thereon as part of the county road. In the absence of statutory obligation upon some other municipality, there is no reason why the duty of maintenance of the county road at the bridge including sidewalks and adequate guardrails should not be the same. It is not necessary to decide whether the finding that the railings are part of the sidewalks was properly made. We hold that, assuming the railings are part of the sidewalks, there is no duty of maintenance upon the Town of Cheektowaga but that such duty is upon the County of Erie.

All concur. Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

Judgment reversed on the law and facts and judgment directed in favor of the plaintiff against the County of Erie, in accordance with the opinion, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made.