THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK MILLER, Appellant.

County Court, Nassau County, December 10, 1954.

*James R. Frazer* for appellant.

*Frank A. Gulotta, District Attorney (Edward Margolin* of counsel), for respondent.

LENT, J. This is an appeal from a judgment of the Police Justice Court, Village of Hempstead, convicting defendant of a violation of section 58 of the Vehicle and Traffic Law entered upon the defendant's plea of guilt.

The main contentions raised by the defendant are that upon his arraignment he was not advised of his right to the aid of counsel; that at such time he did not receive from the Police Justice the mandatory warning or information concerning possible suspension or revocation of his license under section 335-a of the Code of Criminal Procedure, and that the information is insufficient as a matter of law to constitute the crime of reckless driving under section 58 of the Vehicle and Traffic Law.

The return of the Police Justice shows that defendant was advised of his right to counsel in full conformity with the law and was given the warning provided by section 335-a of the Code of Criminal Procedure. Although this was denied by counsel on the oral argument of the appeal, this court is bound by the contents of the return (*People* v. *Mason,* 307 N. Y. 570; *People* v. *Decker,* 156 Misc. 156; *People* v. *Newman,* 137 Misc. 267) and if there is error in the return of the court below, the defendant's remedy is to move in such court for a corrected return (*People* v. *Newman, supra*).

Among the reasons assigned by defendant in support of his contention that the information is insufficient on its face to constitute a violation of section 58 of the Vehicle and Traffic Law, is that the acts therein complained of, i.e. that he drove his car off the travelled portion of the highway, mounted a

curb, crossed a sidewalk and drove along the sidewalk fifteen or twenty feet, are acts which took place after he left the public highway and hence could not be said to have interfered with the free and proper use of the highway as alleged in the information.

Subdivision 2 of section 2 of the Vehicle and Traffic Law defines " ' Public highway ' " as including " any highway, road, street, avenue," etc.

By subdivision 26 of such section, a sidewalk is defined to mean " that portion of a public highway outside of the street or roadway, used or set aside for the use of pedestrians ". Subdivision 3 of that section provides that " ' Street ' " or " ' roadway ' " shall include that part of the public highway intended for vehicular travel.

If the Legislature had intended to limit the application of section 58 of the Vehicle and Traffic Law to that portion of the public highway reserved for vehicular traffic (Vehicle and Traffic Law, § 2, subd. 3, *supra*), it would have said so. Instead, it would appear from a reading of section 58 of the Vehicle and Traffic Law, that the obvious legislative intention was to include the sidewalk portion in the encompassing term of public highway so that one may interfere with the free and proper use of the public highway if he interferes with the free and proper use of the sidewalk portion thereof. It has long been recognized that sidewalks are part of the public highway (*People* v. *Meyer,* 26 Misc. 117; cf. *New York Central R. R. Co.* v. *County of Erie,* 278 App. Div. 521, 525, affd. 304 N. Y. 565, and *Gaynor* v. *Town of Hempstead,* 153 Misc. 321, 327).

The allegations of the information previously referred to read in conjunction with the entire information dispose of defendant's remaining contentions since they properly state the crime charged and the acts constituting the crime (*People* v. *Grogan,* 260 N. Y. 138).

Judgment of conviction affirmed.