◼ The People of the State of New York, Respondent, v Michael D. Neer, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 6, 1985, upon a verdict convicting defendant of the crimes of burglary in the first degree, attempted assault in the first degree, assault in the second degree and criminal trespass in the second degree.

Defendant's convictions stemmed from events which occurred at the apartment of his former girlfriend in the Village of Johnson City, Broome County, on the night of May 3, 1985. At that time, defendant violently demanded entry to the apartment and when it was not afforded him, he broke down the locked door and threw the girlfriend, who was on the phone summoning the police, to the floor, shouting, "You're going to die; I'm going to kill you." In the ensuing struggle, defendant choked the girlfriend, seized a bread knife and stabbed her in the neck and in her finger. The police arrived during the struggle and subdued and handcuffed defendant. As a consequence, a five-count indictment was returned against defendant by the Grand Jury, charging him with attempted murder in the second degree, two counts of burglary in the first degree, attempted assault in the first degree and assault in the second degree.

At trial, in order to clarify its charge to the jury in regard to certain lesser included offenses, County Court divided all of

the offenses to be charged into four groups, each group containing one greater and one lesser included offense. The first group contained the crimes of attempted murder in the second degree and attempted assault in the first degree, both of which were charged in the indictment. The jury convicted defendant of attempted assault in the first degree only. The second group contained the crime of assault in the second degree as charged in the indictment and the crime of assault in the third degree as the lesser included uncharged crime of that group. As to this group the jury convicted defendant of assault in the second degree. Group three contained the offenses of burglary in the first degree as charged in the second count of the indictment and the lesser included uncharged crime of criminal trespass in the second degree. The jury convicted defendant only of the lesser crime of this group. Group four contained the charge of burglary in the first degree as charged in the third count of the indictment and the lesser included uncharged crime of criminal trespass in the second degree. As to this group the jury convicted defendant of burglary in the first degree only. Defendant was given prison sentences of 1 year for criminal trespass, 3 to 6 years each for attempted assault in the first degree and assault in the second degree, and 10 to 20 years for burglary in the first degree, all sentences to run concurrently.

Defendant claims on this appeal that the verdicts, especially in regard to the conviction of burglary in the first degree, are repugnant and inconsistent since he was also acquitted of burglary in the first degree. Defendant argues that the jury necessarily found that he lacked the requisite intent for burglary in the first degree when they acquitted him of that charge and that, therefore, he could not be convicted under a separate count of burglary in the first degree (see, People v Tucker, 55 NY2d 1). This issue has not been preserved for appellate review due to defendant's failure to register any protest prior to the discharge of the jury when the infirmity in the verdict, if any, might have been remedied by resubmission to the jury (see, People v Satloff, 56 NY2d 745; People v Stevens, 109 AD2d 856, 857). Nor do we see any basis for exercising our discretion in the interest of justice pursuant to CPL 470.15 (6) (a). County Court charged two counts of burglary under separate or alternate theories and the jury clearly accepted one and rejected the other.

We find that defendant's claim of excessiveness of his sentences lacks merit. Considering the circumstances surrounding defendant's crimes and his previous felony conviction, the

sentences imposed were appropriate. Accordingly, we affirm the judgment of conviction.

Judgment affirmed. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.