■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MORAN, Appellant. [597 NYS2d 204] —Crew III, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered May 23, 1991, upon a verdict convicting defendant of the crime of reckless driving.

On the evening of October 2, 1990 the complainant, Ward Stone, drove his vehicle upon property owned by defendant to inspect a landfill located thereon. Upon leaving the property, Stone was followed by defendant who was driving his own motor vehicle. Upon reaching the Taconic State Parkway, defendant passed the Stone vehicle and came to a stop straddling the two driving lanes directly in front of the Stone vehicle. As the result of that conduct, defendant was charged in a two-count indictment with reckless endangerment in the second degree (Penal Law § 120.20) and reckless driving (Vehicle and Traffic Law § 1212). Following a trial, at which defendant claimed justification as a defense, the jury acquitted defendant of the charge of reckless endangerment and found him guilty of reckless driving.

Defendant seeks reversal on the ground that the verdict is internally self-contradictory and must be vacated. We disagree. Initially, we observe that the issue has not been preserved for appellate review in that defendant failed to register any objection prior to the discharge of the jury when the claimed infirmity might have been remedied by resubmission to the jury (see, People v Neer, 136 AD2d 801). Moreover, if we were to consider the matter on the merits, we would nevertheless affirm. As conceded by defendant in his brief, the two offenses involved do not share the same elements and, therefore, the verdict cannot be repugnant (see, People v Tucker, 55 NY2d 1). Equally unavailing is defendant's assertion that his acquittal for reckless endangerment demonstrates the jury's acceptance of his justification defense, which was equally applicable to the reckless driving charge, thus rendering the verdict inconsistent (see, People v Goodfriend, 64 NY2d 695, 697).

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.