OPINION OF THE COURT
 

 Per Curiam.
 

 This appeal calls into question the constitutionality of Vehicle and Traffic Law § 1193 (2) (b) (3). Considering the presumption of constitutionality together with the clear language of the subsection, we reverse County Court’s order declaring the statute unconstitutionally vague.
 

 Defendant was stopped while driving his car in the Town of Geddes on September 19, 1992, and charged with aggravated unlicensed operation of a motor vehicle in the second degree
 
 *551
 
 under Vehicle and Traffic Law § 511 (2) (a). That statute is violated when persons operate a motor vehicle on a public highway while knowing or having reason to know that their license is suspended, revoked or otherwise withdrawn because of a previous conviction of driving under the influence of alcohol or drugs. Defendant had been convicted of driving while intoxicated on September 18, 1990, and, as he had also been convicted the prior year of driving while ability impaired, his license was revoked under the recidivist statute (Vehicle and Traffic Law § 1193 [2] [b] [3]), which prescribes under the heading "Revocations” that a license shall be revoked for the following minimum period:
 

 "(3) Driving while intoxicated or while ability impaired by drugs; prior offense. One year, where the holder is convicted of [driving while under the influence of alcohol or drugs] within 10 years of a conviction for [driving while under the influence of alcohol or drugs]” (Vehicle and Traffic Law § 1193 [2] [b] [3], citing Vehicle and Traffic Law § 1192).
 

 On April 17, 1991, defendant’s license was revoked for a minimum of one year, and he had made no application to have it reinstated at the time in issue.
 

 Defendant argued, and both Town Court and County Court agreed, that Vehicle and Traffic Law § 1193 (2) (b) (3) is unconstitutionally vague in that it does not inform violators that they must make a new application in order to have a revoked license reinstated.
 

 Combining the presumption of constitutionality that attaches to enactments of a coequal branch of government
 
 (People v Bright,
 
 71 NY2d 376, 382) with the
 
 clarity of the
 
 subsection as a whole, we conclude that the lower courts erred. The word "revoke” — meaning to annul, void or cancel— is commonly understood as having a core element of permanence. Moreover, any possible doubt as to the meaning of the word as used in Vehicle and Traffic Law § 1193 (2) (b) (3) would be laid to rest by the immediately following paragraph (not cited in the opinion of either lower court):
 

 "(c) Reissuance of licenses; restrictions. (1) Except as otherwise provided in this paragraph, where a license is revoked pursuant to paragraph (b) of this subdivision, no new license shall be issued after the expiration of the minimum period specified in such paragraph, except in the discretion of the commissioner.”
 

 
 *552
 
 This statute alone
 
 *
 
 gave defendant reason to know that upon revocation of his license, a new license application was required.
 

 Accordingly, the order of County Court should be reversed, the accusatory instrument reinstated, and the case remitted to the Justice Court for further proceedings on the accusatory instrument.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion. Order reversed, etc.
 

 *
 

 Additionally, as the Attorney-General points out, the Department of Motor Vehicles sends the following written notices (form C-40) to persons whose drivers’ licenses have been suspended or revoked because of alcohol-related offenses: "If your license was revoked, you must apply to the Department of Motor Vehicles for a new license.”