■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v C. DAVID CLEVELAND, Appellant. [660 NYS2d 771] —Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). Defendant's sole argument on appeal is that Vehicle and Traffic Law § 511 (3) is unconstitutionally vague. A person is guilty

of aggravated unlicensed operation of a motor vehicle in the first degree when, *inter alia,* (1) such person operates a motor vehicle upon a public highway while knowing or having reason to know that his license is suspended or revoked, (2) the suspension is based upon a conviction of any of the provisions of section 1192 of the Vehicle and Traffic Law, and (3) the person is operating a motor vehicle while under the influence of alcohol in violation of section 1192 of the Vehicle and Traffic Law. It is undisputed that defendant's driver's license was suspended for a period of 90 days commencing January 8, 1995 based upon defendant's conviction for driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). When defendant was arrested on June 4, 1995 for driving while intoxicated, his driver's license was still suspended because he had not paid the suspension termination fee provided for in Vehicle and Traffic Law § 503 (2) (j).

Defendant contends that Vehicle and Traffic Law § 511 (3) is unconstitutionally vague because it fails to put a person on notice that the statute encompasses a suspension continued in effect pursuant to Vehicle and Traffic Law § 503 (2) (j) for failure to pay the termination of suspension fee. We disagree.

Section 511 (3) of the Vehicle and Traffic Law, when read in conjunction with section 503 (2) (j) of the Vehicle and Traffic Law, put defendant on notice that the aggravated unlicensed operation of a motor vehicle statute encompasses a suspension that continued in effect based upon a failure to pay the termination of suspension fee required pursuant to section 503 (2) (j). Furthermore, the Department of Motor Vehicles sent defendant a written notice of suspension that informed him that he must pay a $25 suspension termination fee before his driver's license or privilege would be restored (*see, People v Demperio,* 86 NY2d 549, 552, n). Thus, defendant knew or had reason to know that his driver's license was still suspended when he was arrested for operating a motor vehicle while under the influence of alcohol on June 4, 1995. (Appeal from Judgment of Cayuga County Court, Contiguglia, J.—Aggravated Unlicensed Operation Motor Vehicle, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.