■ In the Matter of KEVIN T. REILLEY, Petitioner, v DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent. [658 NYS2d 316] —Determination of respondent Department of Motor Vehicles dated April 14, 1995, which revoked petitioner's driver's license and imposed a $500 fine, upon a finding that he was operating an uninsured motor vehicle, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Karla Moskowitz, J.], entered March 27, 1996) is dismissed, without costs.

Petitioner's "Goped", described at the hearing by petitioner as "a lightweight, portable motorized scooter" weighing 19 pounds and started by muscle power for the first 15 or 20 feet at which point a 1.2 horsepower motor capable of a speed of 20 miles per hour takes over, and by the police officer who ticketed petitioner as a "motorized skateboard" with a "T-bar attached to it for the operator to hold onto" and "a throttle control lever attached to the T-shaped bar", fits squarely within the definition of "motor vehicle" under Vehicle and Traffic Law § 125 as a "vehicle * * * propelled by any power other than muscular power", for which insurance is required under Vehicle and Traffic Law §§ 312 and 319 (1). The exceptions in section 125 do not include "lightweight" vehicles or vehicles not capable of causing serious injury if operated improperly; nor can the Goped be categorized as a class C limited use motorcycle exempt from the insurance requirement (Vehicle and Traffic Law § 2265 [3]) since it does not have a seat or saddle (Vehicle and Traffic Law § 121-b). To the extent that it can be said that the Goped is not a "vehicle" as that term is commonly understood, we defer to respondent's construction of a broad term contained in a statute it is responsible for enforcing (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438). Concur—Sullivan, J. P., Rosenberger, Ellerin, Williams and Colabella, JJ.