Matter of Vincent H. (2004 NY Slip Op 24102)

Matter of Vincent H.

2004 NY Slip Op 24102 [3 Misc 3d 900]

March 9, 2004

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 14, 2004

[*1]
In the Matter of Vincent H. and Matthew C., 
 Persons Alleged to be Juvenile Delinquents, Respondents.
Family Court, Queens County, March 9, 2004

APPEARANCES OF COUNSEL

Legal Aid Society, Jamaica (Norah Bowler of counsel), for Vincent H., respondent. Robert S. Modena, Bayside, for Matthew C., respondent. Michael A. Cardozo, Corporation Counsel, Jamaica (Chet Belatsky of counsel), for presentment agency.
{**3 Misc 3d at 901} OPINION OF THE COURT

Fran L. Lubow, J.
By petition filed on May 2, 2003, the respondents are alleged to have committed acts which, were they adults, would constitute the crimes of reckless driving (Vehicle and Traffic Law § 1212), reckless endangerment in the second degree (Penal Law § 120.20), and resisting arrest (Penal Law § 205.30). A fact-finding hearing was conducted on July 1, 2003, November 19, 2003 and January 12, 2004. The presentment agency called Police Officer Michael Grizzard of the 104th Precinct as its sole witness at the hearing. An investigator from the Legal Aid Society testified on behalf of the respondents.
Now, after consideration of the evidence presented at the fact-finding hearing, this court makes the following findings of fact and conclusions of law.
Having had the unique opportunity to observe the witnesses directly as they testified before this court, this court was able to assess their credibility through observations of demeanor, body language, {**3 Misc 3d at 902}facial expressions as well as hearing the responses to inquiries by all counsel. This court does credit both witnesses' testimony, although the respondents' witness adds nothing relevant to the record.
As a preliminary matter, this court does note that what this court perceived as an error that counsel should be alerted to was discovered during this court's review of the transcript of these proceedings. Specifically during summations, each counsel referred to the vehicle operated by the respondents as a "goped" to this court's recollection. However, the transcript refers to the vehicles in question as "mopeds." As innocuous as this error may appear at first blush, during this court's review of the Vehicle and Traffic Law as well as information from the New York State Department of Motor Vehicles, it became apparent that these are two different types of vehicles with distinct rules of operation.
A "moped" is a common term for a "limited use motorcycle," described in Vehicle and Traffic Law § 121-b as "[a] limited use vehicle having two or three wheels, with a seat or saddle for the operator," which [*2]may be operated upon public streets only with proper registration, a driver's license or learner's permit, and depending on the type of moped, insurance. A "goped" or "Go-ped" on the other hand, defined by the New York State Department of Motor Vehicles as "a [skateboard or scooter] with a motor attached and a handlebar for a standing rider," also requires a driver's license, registration and insurance but may not be operated on any public streets, highways or sidewalks under any circumstances.[FN1]

As such, this court informed all counsel of the perceived error contained in the transcript as well as the distinction between the two types of vehicles. Counsel, after having been given the opportunity to resettle the record, have elected not to do so. Therefore, the record shall stand.
For purposes of this court's determination of the fact-finding in this case, it makes no difference whether the vehicle at issue is characterized as a "moped" or a "goped." What is significant is that the motor scooters operated by the respondents at the time of the incident in question, described by Officer Grizzard as "two-wheel motor scooters powered by an engine and gasoline"{**3 Misc 3d at 903} (transcript, July 1, 2003, at 8), clearly fall within the general definition of a motor vehicle. According to Vehicle and Traffic Law § 125,[FN2]

a motor vehicle is defined as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power." As with any motor vehicle, a learner's permit or driver's license (see, Vehicle and Traffic Law § 501 [5]; § 509 [1]) as well as a valid vehicle registration (see, Vehicle and Traffic Law § 401 [1]; § 2261) and insurance (see, Vehicle and Traffic Law §§ 345, 2265 [3]) are required for the operation of these motor scooters. (None of which did these respondents possess.)
Since the first two counts of the petition charge the respondents with conduct that is "reckless" in nature, this court will begin its analysis with this term as defined in the Penal Law.
A person acts "recklessly" with respect to a statutorily defined result or consequence when:
"[such person] is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe." (Penal Law § 15.05 [3].)
Reckless driving is defined in Vehicle and Traffic Law § 1212 as:
"driving or using any motor vehicle, motorcycle or any other vehicle propelled by any power other than muscular power or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway."
The Court of Appeals, in interpreting this statute in People v Grogan (260 NY 138 [1932]), held that "evidence showing something more than mere negligence" would be required to prove the charge of reckless driving. (Id. at 143.) By way of further elaboration, the Court defined reckless driving as "the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences" (id. at 144), and the terms "unreasonably interferes" or "unreasonably endangers" as "interferes with or endangers the user[s] of the highway {**3 Misc 3d at 904}through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person." (Id. at 149 [emphasis added and internal quotation marks omitted].)
The term "public highway" as used in the Vehicle and Traffic Law is defined as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way." (Vehicle and Traffic Law § 134.) Sidewalks fall within the ambit of public highway (see, People v Miller, 206 Misc 1085 [Nassau County Ct 1954]). A motor vehicle may not be operated on or across a sidewalk unless reasonable and necessary with the exception of certain circumstances. (See, Vehicle and Traffic Law § 1225-a; see also, 34 RCNY 4-07 [c] [3] [ii].)
The determination as to whether or not a person is guilty of reckless endangerment in the second degree requires an analysis that is separate and distinct from that which is required for the reckless driving statute. A person is guilty of reckless endangerment in the second degree when "he recklessly engages in conduct which creates a substantial risk of serious physical injury." (Penal Law § 120.20.) "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." (Penal Law § 10.00 [10].)
The reckless endangerment in the second degree statute requires "an objective assessment of the degree of risk presented by [respondent's] reckless conduct" and the conduct "must actually create a substantial risk of serious physical injury." (Matter of Kysean D.S., 285 AD2d 994 [4th Dept 2001].) Such an assessment is not required for the reckless driving statute, which, by contrast, focuses on the conduct itself and a disregard of consequences rather than the extent of injury which may be caused to a person as a result of a disregard of the consequences associated with such conduct. The two offenses do not share the same elements and, therefore, a finding or dismissal as to one does not necessitate a similar result as to the other. (See, People v Moran, 192 AD2d 885 [3d Dept 1993].)
In the case at bar, Officer Grizzard testified that the respondents were initially observed operating their motor scooters westbound on a two-way residential street while "crisscrossing" from the northbound side to the southbound side of the street in front of each other as vehicular traffic was traveling behind {**3 Misc 3d at 905}them. As such, the respondents were heading directly in the direction of potential oncoming traffic at times. The respondents' operation of their motor scooters in this manner also prevented traffic from traveling around them. In this regard, the police officers were justified in attempting to stop the respondents as a proper exercise of their public safety duties and further to ascertain whether the respondents possessed the documentation required by law to operate these scooters.
Officer Grizzard and his partners attempted to stop the respondents by turning on their [*3]vehicle bubble light, exiting their vehicle with their shields displayed, identifying themselves as police officers and directing the respondents to stop. However, the respondents, in a clear effort to evade the officers, separated from one another, maneuvered around and beyond the police vehicle and drove their motor scooters onto the sidewalk on either side of the street, thus causing several pedestrians to quickly move out of the way in order to avoid being struck. As such, this court finds that the evidence adduced at the fact-finding hearing established that the respondents operated their motor scooters in the street and on the sidewalk in such a reckless manner as to unreasonably interfere with the free and proper use of both the street and the sidewalks in that there was no justifiable reason for this conduct. There were no circumstances existing which would constitute an exception to the laws which prohibit the operation of these motor scooters on the sidewalk.
Furthermore, by failing to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person in this instance, and motivated solely by their own interests in evading the police, the respondents unreasonably endangered themselves, the occupants of the motor vehicles on the street, as well as the pedestrians present on the sidewalks at the time of the incident. Such conduct did evince a conscious disregard for this substantial and unjustified risk to the safety of themselves and others under circumstances constituting a gross deviation from the standard of conduct that a reasonable person would observe. These findings are made beyond a reasonable doubt. Therefore, the presentment agency has sustained its burden with respect to the charge of reckless driving.
With respect to the charge of reckless endangerment in the second degree however, this court finds that the presentment agency has failed to meet its burden of proof. The record in {**3 Misc 3d at 906}this case is devoid of any evidence regarding the weight of these motor scooters or the approximate speed at which the motor scooters were traveling at any point in time, and therefore this court cannot determine whether these scooters and the manner in which they were driven, although reckless, was capable of causing serious physical injury. That charge is therefore dismissed.
With respect to the charge of resisting arrest, a person is guilty of resisting arrest when he "intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest." (Penal Law § 205.30.) In order to sustain this charge, the arrest at issue must be lawful. (See, e.g., People v Peacock, 68 NY2d 675 [1986]; Matter of Kara M., 242 AD2d 630 [2d Dept 1997].) The evidence adduced at the fact-finding hearing established beyond a reasonable doubt that the police officers, although in plain clothes and an unmarked car, clearly identified themselves verbally as well as by displaying their shields around their necks, turning on the bubble light in their vehicle and verbally directing the respondents to stop. Under the facts and circumstances of this case, the police officers had probable cause to arrest the respondents for the crime of reckless driving in vehicular traffic and then recklessly driving their motor scooters onto the sidewalks and around the police vehicle to escape and for the further conduct of/by which they attempted to prevent their arrests, to wit, ignoring the verbal orders of the police officers to stop, attempting to push the officers away, as well as kicking and flailing their arms in order to avoid being handcuffed. (Cf. Matter of Jose M., 210 AD2d 228 [2d Dept 1994] [resisting arrest charge sustained where the respondent kicked and punched a police officer who had ordered him to stop].) As such, this court does make a finding against the [*4]respondents to this charge.
For the reasons set forth herein, this court sustains a finding as to count one, reckless driving in violation of Vehicle and Traffic Law § 1212 and as to count three, resisting arrest in violation of Penal Law § 205.30 as against both respondents beyond any reasonable doubt. Count two, reckless endangerment in the second degree (Penal Law § 120.20), is dismissed.

Footnotes

Footnote 1: See, http://www.nysdmv.com/dmvfaqs.htm#motor (New York State Department of Motor Vehicles' Web site); see also, Matter of Reilley v Department of Motor Vehicles (240 AD2d 296 [1st Dept 1997]).

Footnote 2: Vehicle and Traffic Law § 125 lists several exceptions to this definition, none of which are applicable to the vehicle at issue in this case.