■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD CANUTE, Respondent. [778 NYS2d 247]—

Appeal from an order of the Steuben County Court (Peter C. Bradstreet, J.), entered May 16, 2003. The order granted the motion of defendant to dismiss count one of a superior court information charging him with aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law, the motion is denied, count one of the superior court information is reinstated, and the matter is remitted to Steuben County Court for further proceedings on the superior court information.

Memorandum: The People appeal from an order granting defendant's motion seeking dismissal of count one of a superior court information (SCI) charging defendant with aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a]). Defendant was charged with

operating a lawn tractor on a public highway in the early morning hours of March 2, 2002, en route from a bar to his home, while his license to operate a motor vehicle was revoked and while he was intoxicated. Although the Vehicle and Traffic Law does not specifically address lawn tractors (cf. EPTL 5-3.1 [a] [3]), we nevertheless conclude that a lawn tractor fits within the broad definition of a motor vehicle set forth in Vehicle and Traffic Law § 125, i.e., a "vehicle operated or driven upon a public highway which is propelled by any power other than muscular power." Thus, we conclude that defendant was properly charged with the operation of that motor vehicle on a public highway "while knowing or having reason to know" that his license to operate a motor vehicle was revoked (§ 511 [1] [a]; see § 511 [3] [a] [i]).

In granting defendant's motion, County Court determined that the lawn tractor came within the exclusion for "farm type tractors" in section 125 and thus that an operator's license was not required. That was error. Even assuming, arguendo, that lawn tractors could be considered "farm type tractors," we conclude that the exemption for such tractors applies only with respect to those tractors "used exclusively for agricultural purposes, or for snow plowing, other than for hire" (id.). It is undisputed that defendant was using the lawn tractor for transportation purposes and not for agricultural purposes or snow plowing, and thus a license was required in order to operate it on a public highway (see generally Matter of Reilley v Department of Motor Vehs., 240 AD2d 296 [1997]). We note that Vehicle and Traffic Law § 509 (1) expressly provides that a license is required to operate a motor vehicle on a public highway or other location designated in that statute. There is no statutory exemption from the licensing requirement for operators of lawn tractors that are operated on a public highway.

We further conclude that Vehicle and Traffic Law § 511 (3) (a), when read in conjunction with sections 125 and 509 (1), placed defendant on notice that the statute prohibiting the aggravated unlicensed operation of a motor vehicle encompasses the operation of a lawn tractor on a public highway (see generally People v Cleveland, 238 AD2d 897, 898 [1997]). The issue whether defendant had knowledge, or reason to know, that his "license or privilege of operating such motor vehicle . . . [was] suspended, revoked or otherwise withdrawn by the commissioner" is a matter for proof at trial (§ 511 [1] [a]). We therefore reverse the order, deny defendant's motion, reinstate count one of the SCI and remit the matter to County Court for further proceedings on the SCI.

All concur except Pigott, Jr., P.J., and Kehoe, J., who dissent and vote to affirm in the following memorandum.

Pigott, Jr., P.J., and Kehoe, J. (dissenting). We respectfully dissent. Even assuming, arguendo, that a lawn tractor constitutes a motor vehicle within the meaning of Vehicle and Traffic Law § 125, we conclude that defendant cannot be convicted of aggravated unlicensed operation of a motor vehicle in the first degree pursuant to Vehicle and Traffic Law § 511 (3) (a) because a license is not required to operate a lawn tractor in this state. In order to establish that defendant committed the crime of aggravated unlicensed operation of a motor vehicle in the first degree, the People must prove, inter alia, that he was operating a motor vehicle "while knowing or having reason to know that [his] license or privilege of operating such motor vehicle . . . [has been] suspended, revoked or otherwise withdrawn" (§ 511 [1] [a]). As County Court properly noted, the crime at issue requires both operation of a motor vehicle and knowledge, or reason to know, that the license to operate "such motor vehicle" has been suspended or revoked. Because no license is required to operate the vehicle at issue, defendant cannot have committed the crime of aggravated unlicensed operation of a motor vehicle in the first degree. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.