■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. CAMPBELL, Appellant. [827 NYS2d 768]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 21, 2004, convicting defendant upon his plea of guilty of the crime of aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree and was thereafter sentenced to 1 to 3 years in prison. Defendant now appeals on the sole ground that Vehicle and Traffic Law § 511 (3) is unconstitutionally vague. We disagree.

In order for defendant to have been convicted of aggravated unlicensed operation of a motor vehicle in the first degree, it was necessary to establish that, in addition to other elements not in dispute here, he knew or had reason to know that his

license was suspended as a result of a prior conviction under Vehicle and Traffic Law § 1192 (*see* Vehicle and Traffic Law § 511 [3]). At his plea allocution, defendant admitted that his license had previously been suspended in connection with his conviction for driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [2]) and he had no license at the time of his arrest in this case. Further, it is undisputed that he never paid the termination of suspension fee required by Vehicle and Traffic Law § 503 (2) (j).

Defendant now argues that Vehicle and Traffic Law § 511 (3) is constitutionally infirm because it fails to inform a person that it contemplates the indefinite continuation of a suspension until the person takes action to lift it by paying the appropriate fee in accordance with Vehicle and Traffic Law § 503 (2) (j). However, Vehicle and Traffic Law § 511 (3) and Vehicle and Traffic Law § 503 (2) (j), when read together, "put defendant on notice that the aggravated unlicensed operation of a motor vehicle statute encompasses a suspension that continued in effect based upon a failure to pay the termination of suspension fee" (*People v Cleveland*, 238 AD2d 897, 898[1997]). As such, defendant knew or should have known that he remained under suspension at the time of his arrest in this case (*see id.* at 898).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.