People v Zaorski (2018 NY Slip Op 00578)





People v Zaorski


2018 NY Slip Op 00578


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

107901

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CHRISTOPHER ZAORSKI, Appellant.

Calendar Date: December 13, 2017

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


David E. Woodin, Catskill, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Ulster County (Williams, J), rendered March 19, 2015, which resentenced defendant upon his conviction of the crimes of burglary in the first degree and assault in the second degree.
After breaking into a residence, defendant was confronted by a neighbor and a physical altercation ensued during which the neighbor was seriously injured. As a result of this incident, defendant was charged in an indictment with multiple crimes, and he pleaded guilty to burglary in the first degree and assault in the second degree in satisfaction thereof. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to an aggregate prison term of 15 years to be followed by five years of postrelease supervision. Defendant moved to withdraw his guilty plea prior to sentencing, but the motion was denied. He was subsequently sentenced in accordance with the
terms of the plea agreement.
Thereafter, the case was remitted to County Court as a result of this Court's ruling that defendant should have been assigned new counsel with respect to his motion to withdraw his guilty plea (111 AD3d 1054, 1055 [2013]). Upon remittal, County Court again denied defendant's motion and resentenced him to an aggregate term of 15 years in prison to be followed by five years of postrelease supervision, as originally agreed. Defendant now appeals.
Defendant's sole contention is that the resentence is harsh and excessive. We disagree. Defendant has a lengthy criminal record that includes four prior burglary convictions, one that was committed while he was on parole. Significantly, the neighbor sustained serious injuries [*2]during the attack, requiring 13 staples and eight stitches to close cuts to his head and scalp. Given defendant's criminal past and his violent conduct, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Brabham, 126 AD3d 1040, 1044 [2015], lv denied 25 NY2d 1160 [2015]; see also People v Neer, 136 AD2d 801, 802-803 [1988]).
Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.